## Carling Electric, Inc. *v.* Commission on Human Rights and Opportunities

House, C. J., Loiselle, MacDonald, Bogdanski and Longo, Js.

Argued March 5—decision released May 27, 1975

*Bernard F. McGovern, Jr.,* assistant attorney general, with whom was *Charles A. Overend,* assistant attorney general, and with whom, on the brief, were *Carl R. Ajello,* attorney general, and *F. Michael Ahern,* assistant attorney general, for the appellant (defendant).

*Francis V. Manion,* with whom was *Robert W. Sullivan,* for the appellee (plaintiff).

Per Curiam. The plaintiff, Carling Electric, Inc., appealed to the Superior Court from an order issued by the defendant, commission on human rights and opportunities. The appeal was pursuant to § 31-126 of the General Statutes, which was then applicable. After the appeal was commenced, however, chapter 54 of the General Statutes, the Uniform Administrative Procedure Act (hereinafter UAPA) became operative. The Superior Court

retained jurisdiction,[1] and on April 3, 1974, sustained the appeal and remanded the cause to the commission for further proceedings. The court, in response to the plaintiff's motion, modified its judgment, holding that it did not possess the jurisdiction to remand or to make further directions to the agency involved, thus terminating the case. The defendant appeals from the granting of the motion to modify the judgment.

Since the defendant's appeal was taken, however, this court decided *Murphy* v. *Berlin Board of Education,* 167 Conn. 368, 355 A.2d 265, and *McDermott* v. *Commissioner of Children & Youth Services,* 168 Conn. 435, 363 A.2d 103. These cases reaffirmed the proposition that the UAPA is applicable to appeals from administrative actions. It expressly provides jurisdiction for the reviewing court to remand and, to the extent that it conflicts with prior statutes, it operates to repeal them, unless they are exempted. General Statutes § 4-189; §§ 4-186— 4-188. General Statutes § 4-183 (g) concerning judicial review states in pertinent part: "The court may affirm the decision of the agency or remand the case for further proceedings." Since the original judgment was within the court's power and it was not required to grant the plaintiff's motion to modify

---

[1] General Statutes § 4-185, entitled "Application of chapter," states: "Except as to proceedings pending on January 1, 1972, this chapter applies to all agencies and agency proceedings not expressly exempted." It is manifest that the intent of this section is to forestall the disruption of proceedings in progress on January 1, 1972, which would otherwise be required to adopt the new procedures mandated by the UAPA. The commission's proceedings were not pending before the commission on January 1, 1972, having been completed May 27, 1970. Hence, the present case does not come under this exception provided by the UAPA.

the judgment as it indicated in its memorandum of decision, the order modifying the judgment should be vacated.

There is error, the judgment is set aside and the case is remanded with direction to deny the plaintiff's motion to modify the judgment and to render judgment as on file except as modified in accordance with this opinion.