CHRISTOPHER COPPOLA *v.* PERSONNEL APPEAL BOARD

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued December 7, 1977—decision released February 21, 1978

*John K. Jepson,* special assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellant (defendant).

*Edward T. Lynch, Jr.,* for the appellee (plaintiff).

BOGDANSKI, J. This appeal stems from the action of the defendant personnel appeal board in sustaining the dismissal of the plaintiff as a toll collector. The Court of Common Pleas sustained the plaintiff's appeal, concluding that the plaintiff had attained permanent status in the classified service and that his dismissal was arbitrary and illegal. The court ordered the personnel appeal board to reinstate the plaintiff as a permanent employee with all back pay and benefits. From the judgment rendered, the board appealed to this court, assigning error in the court's conclusion.

The record reveals that on November 16, 1973, the plaintiff was appointed to his position from a certified list but that he never passed the required physical examination. The defendant board contends that the plaintiff never achieved permanent status and that he therefore remained a "conditional" employee subject to summary termination.

The relevant statute provides for different categories of nonpermanent employees: provisional, temporary, emergency and intermittent. See General Statutes § 5-235. Upon appointment, the plain-

tiff's status did not fit within any of these categories, and the category of "conditional employee" does not appear in the statutes or regulations.

Instead, the plaintiff was a probationary employee who could achieve permanent status only after successfully completing a six-month probationary working test period required by statute. General Statutes § 5-230[1]; *Millard* v. *Connecticut Personnel Appeal Board,* 170 Conn. 541, 543, 368 A.2d 121; Regs., Conn. State Agencies § 5-9-14.[2] During that six-month period, he was subject to summary removal if, in the opinion of the appointing authority, the working test disclosed that he was unable or unwilling to perform his duties. General Statutes § 5-230. In the present case, that working test period would be from November 16, 1973, until May 16, 1974. See *Krajniak* v. *Wilson,* 157 Conn. 126, 130, 249 A.2d 249.

The record further discloses that after the plaintiff was physically examined in January, 1974, he was notified that he was overweight and that that condition might prevent his achieving permanent status. A further examination in March, 1974, disclosed that the overweight condition still remained. Despite the overweight problem, the plaintiff continued to work. Indeed, he was permitted to work until August, 1974, when he was summarily dismissed, at a time well beyond the six-month period

[1] "[General Statutes] Sec. 5-230. WORKING TEST PERIODS. The personnel commissioner shall establish appropriate working test periods . . . ."

[2] "[Regs., Conn. State Agencies] Sec. 5-9-14. WORKING TEST PERIOD. Each appointee to a permanent position in the classified service shall serve a working test period of six months. . . . An employee shall attain permanent status in the class upon satisfactory completion of a working test period. . . ."

ending May 16, 1974. Meantime, during all his period of employment, the plaintiff was characterized by his superiors as an "able-bodied man" doing the "job very well." On those facts, the court concluded that the plaintiff achieved permanent status on May 16, 1974, pursuant to the statutes and regulations. We agree with that conclusion.

After May 16, 1974, the state would have to follow the procedure set forth in § 5-240 (c) of the General Statutes and § 5-9-20 of the Regulations of the Connecticut State Agencies with respect to any dismissal action. That procedure requires giving the employee written notice and setting forth the reasons in sufficient detail reasonably to apprise him of the pending action. If upon reinstatement the plaintiff should be unable to meet the physical fitness requirements, the proper course for the state would be to serve charges on him in accordance with the statutory law.

The trial court did not err in concluding that the plaintiff's dismissal was in violation of the statutes and in ordering his reinstatement. See *Walker* v. *Jankura*, 162 Conn. 482, 491, 294 A.2d 536.

In its other assignment of error, the board claims that the trial court erred in ordering "all back pay and benefits." The board contends that because there was no evidence before the board nor before the court which dealt with the issue of pay or any offsets such as subsequent employment, unemployment benefits and the like, the court should have referred the matter back to the board to take evidence on which to determine back pay and benefits lost.

We agree. The appeal to the trial court was taken pursuant to the provisions of the Uniform Adminis-

trative Procedure Act, General Statutes §§ 4-166–4-189. Section 4-183 (f) provides that "[t]he review shall be conducted by the court without a jury and shall be confined to the record . . . ." The statute does not permit the trial court to take any evidence. The court can only order that additional evidence, if required, be taken by the agency. § 4-183 (e).[3] Since an evidentiary hearing is necessary to determine the amount of lost back pay and benefits, a remand to the agency is required for that purpose.

There is error in part, the judgment is set aside and the case is remanded for the rendition of a judgment returning it to the personnel appeal board to be proceeded with according to law.

In this opinion the other judges concurred.

---

[3] "[General Statutes] Sec. 4-183. . . . (e) If, before the date set for hearing, application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon conditions determined by the court. The agency may modify its findings and decision by reason of the additional evidence and shall file that evidence and any modifications, new findings, or decisions with the reviewing court. . . ."