SHIRLEY GERVASONI *v.* ROBERT D. McGRATH ET AL.

SUPERIOR COURT    JUDICIAL DISTRICT OF    FILE No. CV770118702
FAIRFIELD AT BRIDGEPORT

Memorandum filed April 17, 1980

*David S. Grossman,* for the plaintiff.

*Carl R. Ajello,* attorney general, and *Sidney D. Giber,* assistant attorney general, for the defendants.

LANDAU, J.   The plaintiff had been employed prior to January 4, 1977, at the Fairfield Hills Hospital as a psychiatric aide.   On or about January 4, 1977, the plaintiff was notified that she was to be dismissed from state service effective January 1, 1977, for "offensive, indecent, or abusive conduct towards the public, superiors, co-workers or inmates or patients of state institutions" under § 5-240-3 (b) (4) of the Regulations of Connecticut State Agencies.   She subsequently filed an appeal with the defendant personnel appeal board, pursuant to General Statutes § 5-202.   On June 22, 1977, the board sustained her discharge and denied the appeal.   On August 16, 1977, the board denied the plaintiff's request for a rehearing and on September 15, 1977, she filed the present appeal.   The court subsequently received the plaintiff's motion for remand.[1]   The plaintiff contends that the transcript of the hearing before the board on April 4, 1977,

---

[1] The motion, along with a supporting memorandum and affidavit, was sent to the court on November 27, 1979.   It appears, however, that these pleadings have not been *filed* with the clerk.   Neither the motion, the memorandum nor the affidavit have been stamped as filed nor does the computer printout reflect that the motion was filed.

contains so many errors and omissions that the record is incomprehensible. The transcript does in fact contain numerous instances where either a question or an answer is marked "inaudible." The plaintiff also asserts that the testimony often confuses conduct of another employee with that of the plaintiff. The plaintiff concludes that the court should remand the case to the board with direction that the testimony of the state's witnesses be retaken. The defendant contends that the court may only remand as part of a final judgment in those instances where the agency has omitted a vital part of its proceedings.

The issue before the court is whether the court may remand to an administrative agency prior to a final judgment where the return of record is incomplete or incomprehensible owing to stenographic error. This question is answered in the affirmative.

It is clear that the provisions of the Uniform Administrative Procedure Act (hereinafter the UAPA); General Statutes §§ 4-166 through 4-189; control proceedings conducted under the State Personnel Act. General Statutes §§ 5-193 through 5-269; *McDermott* v. *Commissioner of Children & Youth Services,* 168 Conn. 435. It is equally clear that administrative appeals to the Superior Court exist only under statutory authority so that the power to remand must be provided for under the UAPA under the facts of this case. See *East Side Civic Assn.* v. *Planning & Zoning Commission,* 161 Conn. 558, 560.

General Statutes § 4-183 is the section of the UAPA dealing with appeals to the Superior Court and the powers of the court in hearing those appeals. Section 4-183 (d) requires the agency to transmit to the court the original or a certified copy of the

entire record of the proceeding appealed from, including findings of fact and conclusions of law. Under § 4-183 (e): "If, before the date set for hearing, application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon conditions determined by the court. The agency may modify its findings and decision by reason of the additional evidence and shall file that evidence and any modifications, new findings, or decisions with the reviewing court." Section 4-183 (f) requires the court to confine its review to the record.

Finally, § 4-183 (g) provides: "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." The statute is therefore unclear with respect to the power of the court to remand in the manner suggested by the plaintiff. In construing the language of a statute, however, common sense must be applied, and the

circumstances surrounding its enactment and the purposes of the statute must be considered. *Skorpios Properties Ltd.* v. *Waage,* 172 Conn. 152.

One of the powers of the court under the UAPA is that of remand for further proceedings. General Statutes § 4-183 (g). In addition, the court may remand to the agency where additional evidence is necessary. General Statutes § 4-183 (e); *Coppola* v. *Personnel Appeal Board,* 174 Conn. 271. In most cases where a remand has been held proper the court had already sustained the appeal and the remand, therefore, was part of the final judgment. See, e.g., *Coppola* v. *Personnel Appeal Board,* supra; *McDermott* v. *Commissioner of Children & Youth Services,* supra; *Carling Electric, Inc.* v. *Commission on Human Rights & Opportunities,* 168 Conn. 504. There is no reason why the same power should not exist prior to final judgment. The UAPA never expressly limits the power of remand to a final judgment. The clear language of § 4-183 (e) states that the court may order the agency to take additional evidence and case law has said that this power may be exercised by remand. *Coppola* v. *Personnel Appeal Board,* supra, 275. Common sense and federal case law indicate that where an agency record is incomplete for one reason or another, a remand to the agency to take additional evidence is the only method by which the court can assure meaningful judicial review. See, e.g., *Federal Power Commission* v. *Transcontinental Gas Pipe Line Corporation,* 423 U.S. 326; *Environmental Defense Fund* v. *Hardin,* 428 F.2d 1093 (D.C. Cir.). The court must make its decision on the propriety of the agency action by a review of the record. General Statutes § 4-183 (f). Where the record is incomprehensible, meaningful review is impossible. The power to remand in a situation analogous to the present case is well settled in Con-

necticut. Where the agency has provided insufficient findings, remand has been held proper.[2] See, e.g., *Hartford* v. *Hartford Electric Light Co.,* 172 Conn. 71; *Bogue* v. *Zoning Board of Appeals,* 165 Conn. 749; *Watson* v. *Howard,* 138 Conn. 464.

The defendant complains that where the court remands prior to final judgment it is deprived of the ability to appeal that determination without first going through another administrative hearing. If any burden is placed on the agency by this process it is because of its failure to provide an adequate return of record. An agency should not be able to cloak its decisions with secrecy by providing an inadequate record and expect the court to sustain that decision without knowing what transpired at the agency level.

Therefore, the plaintiff's motion to remand is granted.

[2] The major distinction between this view and the present case is that here the plaintiff seeks to have the agency *retake* evidence already presented while the UAPA and federal cases facially contemplate the taking of *additional* evidence. The difference is unimportant, however, when one considers that where significant parts of the record are incomprehensible, the court cannot tell what evidence, if any, was taken. Therefore, the order to retake evidence serves the same function as the order to take additional evidence—inform the court of what happened before the agency and on what factors the agency relied in reaching its decision.