[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: 1. MOTION TO STRIKE PLAINTIFF'S REPLY BRIEF 2. MOTION TO PRESENT ADDITIONAL EVIDENCE 3. MOTION TO ADD TO THE RECORD
This action arises from an appeal from a decision of the Department of Public Utility Control (DPUC) awarding a rate increase to the Connecticut Natural Gas Corporation (CNG). After the filing of the initial briefs of the parties and the answers of the defendants, the plaintiff filed a reply brief which CNG moved to strike on the grounds that it relies upon evidence which is not a part of the administrative record. Subsequently the plaintiff moved for leave to present additional evidence and moved to allow an addition to the record. These same motions were filed in a consolidated case with the same parties, No. 0700457, and counsel agreed that the decision herein will apply to the consolidated case as well.
The defendants object to the inclusion in the Reply Brief of the plaintiff of references to matters which occurred subsequent to the decision of the DPUC from which appeal had been taken. These references are to reported profits of CNG in excess of its allowed return which the plaintiff argues is a clear indication of the inappropriateness of the grant of a rate increase in light of the changed economic conditions. The plaintiff bolsters this argument by appending to the brier "the notice of hearing and order to show cause" to CNG by DPUC dated July 18, 1990 "why its earned return on equity should not be reduced." These same references form the subject matter of the respective motions to present additional evidence and to allow an addition to the record, to which the defendants object.
G.S. 16-35 expressly directs that judicial review of DPUC decisions be governed by G.S. 4-183. Connecticut Light Power Co. v. DPUC, 216 Conn. 627, 636. The trial court's function is a review of the proceedings before the Commission to determine whether the action appealed from was legal. Woodbury Water Co. v. Public Utilities Commission, 174 Conn. 258, 262. Judicial review of the DPUC decision may not extend beyond the administrative record. Connecticut Natural Gas Corporation v. PUCA, 183 Conn. 128, 133-4.
The plaintiff claims that G.S. 4-183 (d) allows additions to the record and G.S. 4-183 (e) permits the court to order the agency to take further evidence where such evidence is material CT Page 2287 and good reasons for failure to present it is shown. However, the court must construe the statutes to make a consistent body of law. An interpretation of these two sections to add to the record or order the agency to receive in evidence matters which did not exist at the time of the hearing before the agency would render meaningless the time constraints placed upon the DPUC by G.S. 16-19 or the finality of its action in setting rates. Further it may be presumed that the legislature is aware of the interpretation which the court has made of these sections limiting as it has done to completing an incomplete record. Gervasoni v. McGrath, 36 Conn. Sup. 297, 301; Laurel Park, Inc. v. Pac, 194 Conn. 677, 686-7.
Likewise, although proof of alleged irregularities in procedure before the agency, not shown of the record, may be taken by the court, G.S. 183(f), subsequent economic factors which have an effect in increasing or deceasing profits under the new rates would not be irregularities in the procedure before the agency contemplated by G.S. 4-183 (f) since the agency at the time of making its decision would not have had an opportunity to have considered them. Billings v. Commission on Human Rights and Opportunities, 18 Conn. App. 241, 244.
The parties have stipulated that if the court grants the motion to strike that it be granted only as to improper references on pgs. 1 and 12 and appendix "A" and not to the entire brief and that the plaintiff be permitted to submit a properly redacted brief.
The court therefore grants the motion to strike for reasons stated above but only as to the improper references and denies the motions to present additional evidence and to add to the record.
Corrigan, J.