[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision awarding unemployment compensation benefits to Roselle Feshler and Joan Benedict (hereinafter "the claimants") and for the payment of such benefits by Hartford Dialysis (hereinafter "the appellant").
The claimants were nurses associated with the appellant and provided dialysis treatment at Hartford Hospital. Claimants severed their association with the appellant after a dispute arose concerning the treatment of AIDS patients which they allegedly refused to service with dialysis treatment. Accordingly, the claimants filed for unemployment compensation benefits. Such benefits are paid through a special tax paid by employers. Appellant asserts that it wasn't the claimants' employer, but rather, that the nurses were independent contractors and that the appellant was simply a conduit for billing and payment purposes.
On October 1, 1986, the Administrator of the Unemployment Compensation Act (hereinafter the Administrator) ruled that the appellant was an employer under General Statutes31-222 et seq. The appellant timely appealed the decision on October 21, 1986 and the Administrator's decision was affirmed by the appeals referee on September 2, 1988. On September 21, 1988, appellant appealed to the Board of Review. The Administrator's decision was again affirmed on December 27, 1988. Pursuant to General Statutes 31-248 (c) and 31-249b, the appellant, on January 25, 1989, appealed these decisions to the Superior Court of the judicial district of Hartford-New Britain.
The Administrator makes the initial determination whether an applicant is qualified to receive benefits. General Statutes 21-235; 31-236; Finkenstein v. Administrator Unemployment Compensation Act, 192 Conn. 104, 108,470 A.2d 1196 (1984). This determination may be appealed to a referee, then to the board of review and ultimately to the superior court. General Statutes 31-242; 31-249; 31-249a; 31-249b.
When surveying the facts, "a court is limited to a review of the record certified and filed by the board of review" United Parcel Service, Inc. v. Administrator, Unemployment Compensation Act, 209 Conn. 381, 385 (1988). "The court must not retry the facts nor hear evidence." Id., 385. When reviewing a decision of the board of review, a court cannot substitute its own conclusions for those of the board. Id., 385. CT Page 533
The appellant states that the claimants were not employees because the nurses were not controlled by and did not perform services for Hartford Dialysis
Another claim by the appellant is that the nurses were engaged in an independently established profession. Additionally, in its post-argument memorandum, the appellant asserts that the board of review relied on evidence outside of the record to determine that the appellant trained the claimants.
In opposition, the Attorney General argues that the appellant failed to meet its burden of proof and that the board's decision was logical, reasonable and should be left undisturbed. The Attorney General has not replied to the appellant's post argument memorandum.
Though it is not binding, it has been stated that "[o]rderly procedure requires that the commission be asked to rule upon all claims of fact or law and that they should be clearly raised before him." McMorrow v. Egan, 16 Conn. Sup. 263,267 (Super.Ct. 1949). When a trial court has found that an administrative agency has made invalid or insufficient findings, the matter must be remanded to the agency for further proceedings. Persico v. Maher, 191 Conn. 384, 410,465 A.2d 308 (1983); City of Hartford v. Hartford Electric Light Company, 172 Conn. 71, 73, 372 A.2d 131 (1976).
A court may also remand a case to an agency when it deems that additional evidence is necessary. Coppola v. Personnel Appeal Board, 174 Conn. 271, 275, 386 A.2d 228
(1978); Gervasoni v. McGrath, 36 Conn. Sup. 297, 301,418 A.2d 952 (Sup.Ct. 1980); Helm v. Welfare Commissioner,32 Conn. Sup. 595, 600, 348 A.2d 317 (App. Sess. 1975). "The court may also order the board to remand the case to a referee for any further proceedings deemed necessary by the court." General Statutes 31-249b.
The issue of termination was not raised before the administrator. The administrator should determine if the alleged termination qualified the claimants for unemployment benefits. Therefore, this is remanded to the referee to decide what the effect of the alleged termination was upon the claimants' unemployment eligibility.
The administrator has not made a determination on the circumstances of the claimants' alleged termination.
This case is not ripe. It comes before the court on appeal on the sole issue of whether or not the claimants are employees or not. If they were found to be employees CT Page 534 and in that capacity each or all of the claimants refused to treat patients with AIDS, the question arises, is such conduct a valid basis for termination? Why does this case, with such important questions unanswered, come before the court piecemeal? Judicial economy requires that all issues be closed at each level so that the case climbs the appellate ladder in contexts.
This case is remanded to the referee to make further finding as to all of the relevant issues.
JOHN F. WALSH, J.