[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO SUPPLEMENT RECORD
The plaintiffs, Louis Coronella and Susan Coronella, property owners (hereinafter "plaintiffs"), appeals from the decision of the defendant, Town of Portland Zoning Commission (hereinafter "Commission"), which placed conditions on the approval of the plaintiff's application for a subdivision.
The following facts are alleged in the plaintiff's appeal. On September 21, 1992, the plaintiffs filed a subdivision application for a proposed lot to be located at Culver Lane, Portland, Connecticut (hereinafter "subject property"). (Return of Record [ROR], Item 1). On December 3, 1992, the Commission, at the close of the public hearings, approved the plaintiff's subdivision application with six conditions. (ROR, Item 20). These conditions included:
 1. That a note be added to the maps requiring tree clearing in the vicinity of the proposed driveway;
 2. [t]hat all ES controls be installed by the applicant and inspected by the Town Engineer prior to the start of construction; CT Page 6853
 3. [t]hat the plans be signed and sealed prior to Commission endorsement[;]
 4. [t]hat a 25 foot drainage easement adjacent to the Blieberg property and opposite the low point at the intersection of BirchTree [sic] Hill Road and Culver Lane, along with the right to discharge water into the wetland on the Coronella property, be granted to the Town (map to be modified)[;]
 5. [t]hat Culver Lane be improved by the applicant to the minimum Town standards along the frontage of the proposed lot from one of the improved Town Roads[;]
 6. [t]hat a bond be submitted in an amount determined by the Town Engineer.
(ROR, Item 20).
On December 17, 1992, the plaintiffs filed their present appeal with the superior court, pursuant to General Statutes Sec. 8-8. The plaintiffs allege that the Commission acted illegally, arbitrarily and in abuse of its discretion for the following reasons:
 [1.] In imposing the conditions [numbers 4, 5 and 6], the Defendant Commission exceeded their authority as they have no authority to demand gifts of land to the Town of Portland in exchange for the granting of an application before its Planning and Zoning Commission[;]
 [2.] [i]n imposing the Condition No. 4 as aforesaid, the [d]efendant Commission abused its discretion and exceeded its statutory authority under Connecticut General Statutes Section 8-25 in that this condition represents a taking of the Plaintiffs' property without due compensation[;]
 [3.] [i]n imposing the Condition No. 4 as aforesaid, the Defendant exceeded its authority CT Page 6854 and discretion as the Regulations of the Planning and Zoning Commission of the Town of Portland do not permit such a requirement[;]
 [4.] [t]he Defendant Planning and Zoning Commission abused its discretion and exceeded its authority by requiring the bringing of Culver Lane up to the latest town standards in that Culver Lane is not a subdivision road but rather is a public highway.
 [5.] [t]he Defendant Planning and Zoning Commission abused its discretion and exceeded its authority by attempting to use this application as an excuse to exact the cost of maintaining a public highway which is the Town's statutory responsibility to maintain[;]
 [6.] [t]he Defendant Planning and Zoning Commission abused its discretion and exceeded its authority by failing to comply with Connecticut General Statutes Chapter 126[;]
 [7.] [t]he Defendant Planning and Zoning Commission abused its discretion and exceeded its authority by failing to follow its own regulations[;]
 [8.] [t]he Defendant Planning and Zoning Commission abused its discretion and exceeded its authority by requiring a bond for improvements that did not have the right to require of the Plaintiffs.
 [9.] [t]he Defendant Planning and Zoning Commission abused its discretion and exceeded its authority by imposing upon a private property owner the financial cost of the Town's obligation to comply with statutes and laws requiring the Town to maintain public highways within the Town.
(Court file, plaintiffs' appeal, paragraph 12 through 20).
On March 5, 1993, the Commission filed an answer, special defense and the return of record. (Court file, Items CT Page 6855 107 and 108). On March 15, 1993, the plaintiffs filed their brief in support of their appeal. (Court filed, Item 115). On May 19, 1993, the Commission filed its brief in opposition to the plaintiffs' appeal.
On April 22, 1993, the plaintiffs filed a motion to supplement the record at trial. The plaintiffs argue that the Commission was required by General Statutes Sec. 8-7a to provide a verbatim transcript of the Commission's proceedings on the plaintiffs' subdivision application. The plaintiffs are requesting the court's permission to introduce expert testimony from the plaintiffs' engineer, Frank Magnotta, who testified before the Commission in support of the plaintiffs' subdivision application.
On May 3, 1993, the plaintiffs' motion to supplement the record was heard before the court. On May 14, 1993, the plaintiffs submitted a brief in support of their motion to supplement the record. On May 17, 1993, the Commission filed a brief in opposition to the plaintiffs' motion to supplement the record.
General Statutes Sec. 8-26 stated in part that "[t]he commission may hold a public hearing regarding any subdivision proposal if, in its judgment, the specific circumstances require such action" General Statutes Sec. 8-8(b) provides for a right of appeal of the Commission's decision, under General Statutes Sec. 8-26, concerning the plaintiffs' subdivision application, to the superior court. General Statutes Sec. 8-8(k) states in part that:
 The court shall review the proceedings of the board and shall allow any party to introduce evidence in addition to the contents of the record if (1) the record does not contain a complete transcript of the entire proceedings before the board, including all evidence presented to it, pursuant to section 8-7a, or (2) it appeals to the court that additional testimony is necessary for the equitable disposition of the appeal.
Therefore, General Statutes Sec. 8-7a applies to administrative appeals brought under General Statutes Sec. CT Page 68568-8(b) by reference to General Statutes Sec. 8-7a within General Statutes Sec. 8-8(k). General Statutes Sec. 8-7a
states that:
 The zoning commission, planning commission, planning and zoning commission and zoning board of appeals shall call in a competent stenographer to take the evidence, or shall cause the evidence to be recorded by a sound-recording device, in each hearing before such commission or board in which the right of appeal lies to the superior court.
General Statutes Sec. 8-7a supports the due process requirement that a record be made of an administrative proceeding to preserve the issues and findings of the Commission for appellate review.
However, the Commission argues that its proceeding on the plaintiffs' subdivision application under General Statutes Sec. 8-26, is not subject to the transcript requirements of General Statutes Sec. 8-7a. General Statutes Sec.8-26 gives the Commission discretion as to whether a particular subdivision application warrants a public hearing. The Commission argues that the Commission's proceedings on the plaintiffs' subdivision application was not a hearing within the meaning of General Statutes Sec. 8-7a. The court does not agree.
With no authority directly on point, the Commission's argument raises a difficult question involving the need for statutory interpretation. If the Commission declines to hold a public hearing and decides the subdivision application at a non-public proceeding, pursuant to General Statutes Sec.8-26, is the Commission's proceedings a hearing under the meaning of General Statutes Sec. 8-7a.
"It is a cardinal rule of construction that the statutes are to be construed so that they can carry out the intent of the legislature. This intent is to be ascertained from the language of the statute itself where the language is plain and unambiguous. Grievance Committee v. Trantolo, 192 Conn. 15,22, 470 A.2d 228 (1984); Hurlbut v. Lemelin, 155 Conn. 67,73, 230 A.2d 36 (1967)." Edelson v. Zoning Commission, 2 Conn. App. 595, CT Page 6857 599, 481 A.2d 421 (1984).
Neither General Statutes Sec. 8-7a nor General Statutes Sec. 8-26 defines the term, "hearing." Under the canons of statutory construction, the language of a statute will be given its common and generally understood meaning. In Black's Law Dictionary, "hearing" is defined as "[a] [proceeding of relative formality (though generally less formal than a trial;), generally public, with definite issues of fact or of law to be tried, in which witnesses are heard and evidence presented." Black's Law Dictionary, p. 721 (6th Ed. 1990).
In the present action, the Commission heard evidence provided by the plaintiffs' engineer, Frank Magnotta, concerning the plaintiffs' subdivision application. Mr. Magnotta was questioned by the Commission concerning the possible adverse effects of the proposed subdivision including additional drainage and water run-off and its impact on the public road which borders the subject property. The Commission also heard evidence presented by the Town's engineer. Although there is no evidence that any formal cross-examination occurred at the proceedings, witnesses were heard and evidence was presented. Where the Commission was only required to inspect the plaintiffs' subdivision application, and see whether it conformed with the Town's zoning regulations, the Commission was without authority in considering the expert testimony presented and then not preserving a transcript of the expert testimony for appellate review.
Therefore, the Commission's proceedings was a "hearing" as commonly defined and understood. Because the Commission decided to conduct a "hearing," in reviewing the plaintiff's subdivision application, the Commission was required by General Statutes Sec. 8-7a to make a verbatim transcript of the proceeding to preserve the record for appellate review. Pursuant to General Statutes Sec. 8-8(k), if reconstruction or recreation of the Commission's record is required, prior to appellate review by the superior court, "[t]he court may take the evidence or may appoint a referee or committee to take such evidence as it directs and report the same to the court, with his or its findings of fact and conclusions of law."
 Thus, in a case such as this, where evidence is introduced because the CT Page 6858 record of the evidence before the local agency is lacking or incomplete, the statute means that the committee, in accordance with the terms of the order of reference, should make a finding of (1) what the evidence was as distinguished from what was proven by it, or (2) what facts most favorable to sustaining the action appealed from could reasonably and legally have been found by the local agency on the assumption that the same evidence had been before the agency, or (3) both. See Schultz v. Zoning Board of Appeals, 144 Conn. 332, 334, 130 A.2d 789.
Morama Corporation v. Town Council, 146 Conn. 588, 593,153 A.2d 431 (1959).
Therefore, the court has the discretion to appoint a referee or committee to hear evidence in reconstructing the record, pursuant to General Statutes Sec. 8-8(k).
There is support from decision involving the Uniform Administrative Procedure Act (UAPA), General Statutes Secs.14-166, et seq., that the court has discretion to remand the action back to the Commission, prior to addressing the merits of the administrative appeal, and have the Commission create a verbatim record of the evidence presented on plaintiffs' subdivision application.
 On of the powers of the court under the UAPA is that the remand for further proceedings. General Statutes Sec. 4-183(g). In addition, the court may remand to the agency where additional evidence is necessary. General Statutes Sec. 4-183(e); Coppola v. Personnel Appeal Board, 174 Conn. 271. In most cases where a remand has been held proper the court had already sustained the appeal and the remand, therefore, was part of the final judgment. See, e.g., Coppola Board, supra; McDermott v. Commissioner of Children Youth Services, supra; Carling Electric, Inc. v. Commission on Human Rights CT Page 6859 Opportunities, 168 Conn. 504. There is no reason why the same power should not exist prior to final judgment. The UAPA never expressly limits the power of remand to a final judgment. The clear language of Sec. 4-183(e) states that the court may order the agency to take additional evidence and case law has said that this power may be exercised by remand. Coppola v. Personnel Appeal Board, supra, 275. Common sense and federal case law indicate that where an agency record is incomplete for one reason or another, a remand to the agency to take additional evidence is the only method by which the court can assure meaningful judicial review. See, e.g., Federal Power Commission v. Transcontinental Gas Pipe Line Corporation, 423 U.S. 326; Environmental Defense Fund v. Hardin, 428 F.2d 1093 (D.C. Cir.). The court must make its decision on the propriety of the agency action by a review of the record. General Statutes Sec. 4-183(f). Where the record is incomprehensible, meaningful review is impossible. The power to remand in a situation analogous to the present case is well settled in Connecticut. Where the agency has provided insufficient findings, remand has been held proper. . . .
Gervasoni v. McGrath, 36 Conn. Sup. 297, 301-302, 418 A.2d 952
(Super.Ct. 1980).
Therefore, based on the analogous UAPA decisions, the court has the discretion to remand the present appeal, prior to final judgment, and have the Commission create a record, pursuant to General Statutes Sec. 8-8(k) and Sec.8-7a.
The court denies the plaintiffs' motion to supplement the Commission's record because the court finds that remand for the construction of a stenographic record is the proper redress for the Commission's failure to comply with General Statutes Sec. 8-8(k).
In this case, so much is missing that the court ought to have the record of the Commission hearing and doings CT Page 6860 so that it can afford a record review, rather than creating the record subsequent to the Commission's decision.
This matter is remanded with instructions that the administrative body grant a hearing de novo and create a full and proper record of its doings, consistent with the findings hereinbefore set forth.
It is so ordered.
HIGGINS, J.