[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed July 9, 1997
The plaintiffs, Constance W. Budelis and Richard Budelis have appealed from the action of the Litchfield Planning and Zoning Commission the granting of an application for special exception and site plan filed by the defendant, Constance B. Ripley Land Trust. The applicant, Constance B. Ripley Land Trust, is a tax exempt organization whose land in Litchfield is devoted to nature preservation. The applicant sought these approvals in order to permit a portion of its property to be used for a sports field for soccer and other organized sports. Access to this sports field is to be gained over a right-of-way across adjoining property owned by the plaintiffs, Constance and Richard Budelis.
The plaintiffs are aggrieved. The plaintiffs' property abuts the applicant's land. (See Site Plan Map, Return #26.) Therefore, the plaintiffs are statutorily aggrieved. C.G.S. § 8-8 (a).
 I
The Commission failed to include in the Return of Record a transcript of the evidence taken at the public hearing as is required by C.G.S. § 8-8 (i).
The return of record filed in this case does not contain a transcript of the public hearing conducted by the Commission on April 12, 1996 or its continuation on May 20, 1996. C.G.S. §8-8 (i) requires the Commission to include in the return a copy of the transcript of the stenographic or sound recording prepared in accordance with C.G.S. § 8-7a. That section requires that the Commission use a stenographer or sound recording device to record all hearings.[1]
CT Page 12494
There was a public hearing conducted on two evenings by the Commission at which the evidence produced at a prior public hearing was incorporated and at which several people testified. Apparently the tape recording equipment failed on both evenings and there is no tape of any portion of the hearing.
There are three different ways that this situation has been handled by the courts. One way is to permit the parties to introduce evidence to the court to reconstruct what occurred at the public hearing. See C.G.S. § 8-8 (k).[2] Another approach is to remand the case to the commission with instructions to grant a de novo hearing and to create a full and proper record of its doings. Coronella v. Planning ZoningCommission, 9 CONN. L. RPTR. 410, 8 CSCR 1058 (1993). A third solution was devised by Judge Howard Moraghan in Invest, LTD v.New Hartford Planning and Zoning, an unpublished decision in this court, #042925, Invest LTD v. New Hartford Planning Zoning,
March 6, 1987. Judge Moraghan decided fairness required that the appeal be sustained, thereby preserving the status quo and returning the parties to the local forum.
In this case there is no transcript at all. The record before the court is statutorily insufficient. The minutes of the public hearings in which the appellants participated provide no indication as to how or why the Commission reached its decision to grant the application. It necessarily follows that the court cannot make a determination as to the validity or invalidity of the Commission's action.
As stated in London v. Zoning Board of Appeals,150 Conn. 412, at 417, "when the plaintiffs appealed from the decision of the board, the statute required it to furnish a transcript of its proceedings. § 8-8. The absence of a transcript deprived the court of a proper record on which to review the proceedings of the board. Section 8-7a benefits an aggrieved person who, by reason of the failure of the board to present a transcript to the court on appeal, is deprived of a reasonable opportunity of sustaining his burden of showing illegality on the part of the board. See Longo v. Board of Zoning Appeals, 143 Conn. 395, 399,122 A.2d 784. The failure to comply with the requirements of § 8-7a does not make the action to the board void. Such a failure does, however, render the board's actions voidable at the option of an aggrieved person who institutes a proper appeal to the Court of Common Pleas." CT Page 12495
For the reason stated, the appeal is sustained. In view of the fact that a new hearing may be held, the other issues raised by the affidavits are not addressed.
Pickett, J.