LEONARD JOHNSTON *v.* JOSE SALINAS, COMMISSIONER OF MOTOR VEHICLES
(AC 18713)

O'Connell, C. J., and Foti and Healey, Js.

Submitted on briefs December 15, 1999—officially released February 29, 2000

*Jeffrey D. Brownstein* and *Gregory A. Thompson* filed a brief for the appellant (plaintiff).

*Richard Blumenthal*, attorney general, and *Priscilla J. Green*, assistant attorney general, filed a brief for the appellee (defendant).

*Opinion*

O'CONNELL, C. J. This is an administrative appeal in which the dispositive issue is whether, under the circumstances, the trial court properly remanded the case to the defendant commissioner of motor vehicles (commissioner).[1] We affirm the judgment of the trial court.

The following facts and procedural history are necessary to a resolution of this appeal. On March 31, 1998, the plaintiff, Leonard Johnston, was arrested and charged with operating a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes § 14-227a. Two blood tests indicated that his blood alcohol content was more than 0.10 percent at the time the tests were taken. At the plaintiff's request, the commissioner, through a duly appointed hearing

---

[1] The plaintiff also seeks review regarding whether he properly refused to attend a hearing before the commissioner on August 21, 1998. That hearing was scheduled after the plaintiff filed his appeal from the trial court's judgment remanding the matter to the commissioner. Because this issue involves a matter occurring after the trial court's decision and, thus, was not before the trial court, we decline to review it.

officer, held a hearing to determine whether the plaintiff's motor vehicle operator's license should be suspended pursuant to General Statutes (Rev. to 1997) § 14-227b (f), now § 14-227b (g). The commissioner found affirmatively on the only four issues before him[2] and consequently suspended the plaintiff's license for ninety days. The plaintiff appealed to the trial court pursuant to the Uniform Administrative Procedure Act (UAPA), General Statutes § 4-166 et seq., which governs motor vehicle appeals. See General Statutes § 4-183; *Labenski v. Goldberg*, 33 Conn. App. 727, 732, 638 A.2d 614 (1994).

The commissioner was required by § 4-183 (g) to provide a transcript of the motor vehicle hearing to the trial court. In this case, because the hearing reporter was unable to locate the tape recording,[3] no transcript could be produced. Therefore, the court remanded the matter to the commissioner so that he could determine whether to conduct a new hearing. The plaintiff has appealed from that decision.[4]

The plaintiff's principal contention is that a new motor vehicle hearing could not meet certain manda-

---

[2] A hearing under General Statutes (Rev. to 1997) § 14-227b (f), now § 14-227b (g), is limited to the following issues: "(1) Did the police officer have probable cause to arrest the person for operating a motor vehicle while under the influence of intoxicating liquor or drug or both . . . (2) was such person placed under arrest; (3) did such person . . . submit to such test or analysis, commenced within two hours of the time of operation, and the results of such test or analysis indicated that the ratio of alcohol in the blood of such person was ten-hundredths of one per cent or more of alcohol, by weight; and (4) was such person operating the motor vehicle . . . ."

[3] The relevant paragraph of the motor vehicle department hearing reporter's affidavit provided as follows: "On May 13, 1998, I attempted to type an administrative hearing that was tape-recorded in the matter of Leonard Johnston, per se case number 98002448. The case was not on the cassettes. I checked the other hearing rooms for a separate tape and could not locate any in this matter."

[4] General Statutes § 4-183 (j) specifically deems remand orders to be final judgments. Section 4-183 (j) provides in relevant part: "[T]he court . . . may render a judgment . . . or remand the case for further proceedings. For purposes of this section, a remand is a final judgment."

tory time requirements and, therefore, the court's remand was improper. The fallacy in this argument is that the court did not rule on whether the time requirements could be met[5] or if they were mandatory. It simply remanded the matter to the commissioner for a determination of whether he would proceed further. If the commissioner elects not to proceed, the case is over. If, however, the commissioner decides to renew the proceedings and the plaintiff's license is again suspended,[6] the plaintiff may appeal from that suspension and at that time raise his argument concerning the bar of statutory time limits.

In a similar case under the UAPA, the transcript contained so many errors and omissions that it was incomprehensible, making it the functional equivalent of the missing transcript in the present case. See *Gervasoni* v. *McGrath*, 36 Conn. Sup. 297, 418 A.2d 952 (1980). In remanding the case to the administrative agency, the Superior Court in *Gervasoni* held that "where an agency record is incomplete for one reason or another, a remand to the agency to take additional evidence is the only method by which the court can assure meaningful judicial review. . . . The court must make its decision on the propriety of the agency action by a review of the record. General Statutes § 4-183 [i]. Where the record is incomprehensible, meaningful review is impossible. The power to remand in a situation analogous to the present case is well settled in Connecticut. Where the agency has provided insufficient findings, remand has been held proper." (Citations omitted.) Id., 301–302. We agree with the *Gervasoni* court.

[5] We cannot rule on these time requirement issues because this court cannot retry the facts or substitute its opinion for that of the commissioner. See *Dept. of Public Safety* v. *Freedom of Information Commission*, 51 Conn. App. 100, 104, 720 A.2d 268 (1998).

[6] The order suspending the plaintiff's license has been stayed so that he has not yet, in fact, suffered any suspension of his license.

The plaintiff argues that it would be unfair to him to have to go through the administrative hearing again. When reviewing an appeal under the UAPA, however, the trial court is not sitting as a court of equity, but rather, is extremely limited in its powers. "Administrative appeals exist only under statutory authority, without which the court lacks subject matter jurisdiction over the appeal. . . . The court's essential function in such an appeal is to review the administrative proceedings to determine whether the action appealed from was legal. . . . The scope of judicial review under the UAPA is very restricted. . . . Except in the limited situation in which there is an allegation of procedural illegalities not shown in the record; General Statutes § 4-183 [i]; that review is limited to the record and the court cannot hear evidence." (Citations omitted.) *Neri* v. *Powers*, 3 Conn. App. 531, 537, 490 A.2d 528, cert. denied, 196 Conn. 808, 494 A.2d 905 (1985).

We conclude that a remand to the commissioner is the only method by which the trial court could have assured meaningful review.

The judgment is affirmed.

In this opinion the other judges concurred.