[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Procedural Background
The plaintiff, Deborah Lisee ("Lisee"), has appealed to this court from the dismissal of her physical disability complaint affidavit, naming respondent Aetna Life and Casualty (Aetna), dismissed by the respondent Commission on Human Rights and Opportunities (CHRO) on the ground that there was no reasonable cause to believe that a discriminatory practice had been committed. General Statutes § 46a-83 (d). The procedural background of the litigation to this point is as follows. On February 24, 1998, Lisee filed an affidavit with CHRO alleging that she was terminated and not reasonably accommodated due to her physical disability, hip and back, by her former employer, Aetna. The statutes relied upon by Lisee in her affidavit were General Statutes § 46a-58 (a); § 46a-60 (a) (1) and the Americans With Disabilities Act (ADA), 42 U.S.C. § 12101. On March 26, 1998, Aetna filed its answer, position statement, and responses to CHRO's schedule A requests for information. On April 13, 1998, Lisee submitted a rebuttal statement contesting Aetna's CT Page 3817 assertions in its answer and schedule A responses.
In accordance with General Statutes § 46a-83 (b), CHRO processed Lisee's affidavit through its merit assessment review (MAR) program. CHRO reviewed Lisee's complaint affidavit, Aetna's responses and Lisee's comments thereon. On May 20, 1998, CHRO dismissed Lisee's affidavit on the finding that there was no reasonable possibility that further investigation would result in a reasonable cause finding.
A plaintiff, within fifteen days of a dismissal under the MAR program, may request CHRO to reconsider the dismissal, General Statutes § 46a-83 (e), and on June 3, 1998, Lisee requested that CHRO make such a reconsideration. On October 8, 1998, CHRO granted Lisee's request for reconsideration and remanded her case to the CHRO regional office for further review.
Under General Statutes § 46a-83 (c), CHRO elected to investigate Lisee's affidavit further by holding fact finding sessions on December 14 and 17, 1998. On December 14th three witnesses appeared to testify and on December 17th one witness testified. At the conclusion of the fact finding sessions, an investigator for CHRO determined that Lisee had not been terminated or denied reasonable accommodation because of a physical disability.
On January 8, 1999, a draft summary of no reasonable cause was sent to the parties for their review and comment. On January 28, 1999, CHRO received comment from Lisee on the draft finding. On February 22, 1999, CHRO received comments from Aetna regarding Lisee's comments.
CHRO considered the comments to the draft finding of no reasonable cause, and on February 11, 1999, issued a final finding of no reasonable cause. Lisee appealed CHRO's no reasonable cause determination to this court and it was set for oral argument on February 10, 2000. This court asked the parties (Lisee, CHRO, and Aetna) in advance of this oral argument to brief further, among other things, the following point: "Under the statutes applicable to this case, what legal duty does an employer have to an employee on disability leave when he/she is cleared for return to work?" Each of the parties appropriately responded by February 3, 2000.
The supplemental brief of CHRO at page 1 stated that both under the General Statutes and ADA, "[a]n employer must take CT Page 3818 affirmative steps to provide a `reasonable accommodation' to a qualified individual with a disability." Much of the hearing of February 10, 2000, concerned whether Aetna, based upon the record before the court as then developed at CHRO, had provided this reasonable accommodation. At the conclusion of the argument, Aetna asked for a two-week period to brief this issue further. The court granted this request to any party and Aetna subsequently filed a further brief addressing this question.
On February 24, 2000, CHRO filed a motion to remand the case to itself for further proceedings. Aetna has filed an opposition to this motion. Oral argument was held on CHRO's motion on March 23, 2000. At that time CHRO represented that the reason for the motion to remand was that the record was incomplete in at least two respects: first, there were key witnesses that had not been interviewed by the CHRO investigator on the subject of Aetna's reasonable accommodation and secondly, both Lisee and Aetna needed to present to CHRO details of Aetna's "Return to Work" program as applied in Lisee's case.
CHRO'S Motion Should Be Granted
The basis of Aetna's objection is stated in its brief as follows: "Because authority for entering a remand is conferred only by statute [General Statutes § 4-183 (j)], the Court's authority to remand exists only after a Court has sustained an appeal under § 4-183 (j). Thus, this Court must determine the issue that brought the parties before this Court in the first place-whether the finding of no reasonable cause is not supported by evidence, or is arbitrary and illegal." (Aetna's brief in opposition to motion to remand at 4-5)
This court rejects this contention. The parties agree that Aetna had to make a reasonable accommodation to Lisee. Whether Aetna accomplished this "is a question of fact, made on a case by case basis." D'Amico v. New York Board of Law Examiners,811 F. Sup. 217 (W.D.N.Y. 1993). As Judge DiPentima stated in an appeal from a dismissal by CHRO of a physical disability case, "`reasonable' is a relational term; it evaluates the desirability of a particular accommodation according to the consequences that the accommodating will produce." Ezikovich v. Commission on HumanRights and Opportunities, No. CV 97-0567872 (1998), quotingBorkowski v. Valley Center School District, 63 F.3d 131, 138 (2d Cir. 1992). CT Page 3819
The factual record for this court to analyze in determining whether a "reasonable accommodation" occurred must be drawn from the findings and evidence developed in CHRO. This court should not have to make its ultimate findings where the agency recognizes that there are defects in the record and asks to correct them in advance of judgment. This principle was recognized in Gervasoni v. McGrath, 36 Conn. Sup. 297, 301
(1980). There prior to judgment in an administrative appeal, Judge Landau found the agency record incomplete. In remanding the matter to the agency, Judge Landau stated:
 "[T]he court may remand to the agency where additional evidence is necessary. . . In most cases where a remand has been held proper the court had already sustained the appeal and the remand, therefore, was part of the final judgment. . . . There is no reason why the same power should not exist prior to final judgment. The UAPA never expressly limits the power of remand to a final judgment. The clear language of § 4-183
(e)[1] states that the court may order the agency to take additional evidence and case law has said that this power may be exercised by remand. . . . Common sense and federal case law indicate that where an agency record is incomplete for one reason or another, a remand to the agency to take additional evidence is the only method by which the court can assure meaningful judicial review."
Just a few weeks ago the Appellate Court approved a remand to the Department of Motor Vehicles where a record was lacking the transcript of the proceedings. Johnston v. Salinas,56 Conn. App. 772 (2000). The Appellate Court rejected a claim by the plaintiff that such a remand would be unfair in that he would have to go through the administrative hearing again. Citing Gervasoni, the Appellate Court noted that "a remand to the commissioner is the only method by which the trial court could have assured meaningful review." Id. at 776. Certainly Johnston's sweeping language supports a remand regardless of whether the need for it occurs before or after judgment.
Therefore the motion is granted.[2]
Henry S. Cohn, Judge.