[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I. Statement of Case
This is an administrative appeal from a final decision of the State of Connecticut, Department of Mental Retardation ("DMR"), brought pursuant to Connecticut General Statutes § 4-183.
 II. Procedural History
The plaintiff's appeal from a August 16, 2000 final administrative decision wherein it was determined that Clare Whalen was not eligible for programs and services from DMR. On June 7, 2000 a evidentiary hearing was conducted pursuant to General Statutes § 17a-210. At the hearing numerous exhibits were placed into evidence and witnesses testified. The final decision included both findings of fact and conclusions of law.
The plaintiffs have commenced this administrative appeal through their petition for appeal dated September 22, 2000 filed in the Superior Court, judicial district of New Britain. The defendant, through pleading dated December 4, 2000, transmitted a portion of the administrative record to the court. The defendant noted in the transmittal that "[t]he transcript of the administrative hearing in this matter is unavailable due to a recording malfunction." (Defendant's December 4, 2000 Transmittal of Administrative Record).
 III. Jurisdiction
A. Aggrievement
General Statutes § 4-183 (a) provides in relevant part that "[a] person . . . who is aggrieved by a final decision may appeal to the Superior Court. . . ." "To be an aggrieved person, one must be affected directly or in relation to a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest such as is the concern of all members of the community, and the appellant must be specially and injuriously affected as to property or other legal rights." Smith v. Planning Zoning Board, 203 Conn. 317, 321 (1987).
In the present matter, the plaintiffs were denied DMR programs and services. The defendant in this appeal has not challenged aggrievement. This court finds that the plaintiffs are aggrieved. CT Page 5788
B. Timeliness of Appeal
General Statutes § 4-183 (c) provides, in relevant part: "Within forty-five days after mailing of the final decision under § 4-180. . . a person appealing . . . shall serve a copy of the appeal on the agency that rendered the final decision . . . and file the appeal with the clerk of the superior court. . . ." The defendant has not raised a jurisdictional defect. Thus, this court finds the appeal to be timely.
 IV. STANDARD OF REVIEW
"Judicial review of [an administrative agency's] action is governed by the [Uniform Administrative Procedures Act (UAPA)] . . . and the scope of that review is very restricted. . . ." (Citations omitted; internal quotation marks omitted.) Cadlerock Properties v. Commissioner,253 Conn. 661, 668, cert denied, ___ U.S. ___, 121 S.Ct. 1089,148 L.Ed.2d 963 (2001). "The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." General Statutes § 4-183 (j).
 Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . [T]he trial court may [not] retry the case or substitute its own judgment for that of the administrative agency on the weight of the evidence or questions of fact . . . Our ultimate duty is to determine, in view of all of the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . . The substantial evidence rule governs judicial review of administrative fact-finding under the UAPA. General Statutes § 4-183 (j)(5) and (6). An administrative finding is supported by substantial evidence if the record affords a substantial basis of fact from which the fact in issue CT Page 5789 can be reasonably inferred. . . . The substantial evidence rule imposes an important limitation on the power of the courts to overturn a decision of an administrative agency . . . and to provide a more restrictive standard of review than standards embodying review of weight of the evidence or clearly erroneous action. . . . [S]ubstantial evidence . . . is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. . . .
(Citations omitted; internal quotation marks omitted.) CadlerockProperties v. Commissioner, supra, 253 Conn. 669.
"The determination of whether substantial evidence exists is subject to de novo review by this court." Labenski v. Goldberg, 33 Conn. App. 727,733 (1994). Further, the court must search the entire record to determine whether substantial evidence exists to support the agency's findings of fact, and whether the conclusions drawn from those facts are reasonable.Dolgner v. Alander, 237 Conn. 272, 283 (1996).
 Judicial review of the conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion. . . . Although the interpretation of statutes is ultimately a question of law . . . it is well established practice of this court to accord great deference to the construction given [a] statute by the agency charged with its enforcement. . . . Conclusions of law reached by the administrative agency must stand if the court determines that they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts.
(Citations omitted; internal quotation marks omitted.) CadlerockProperties v. Commissioner, supra, 253 Conn. 669.
 V. Discussion
The Plaintiffs' Claim of Error
CT Page 5790
The plaintiffs contend in pertinent part that "there was a lack of substantial evidence on the record certified to the court to support the defendant's final decision." (Plaintiffs' January 4, 2001 Brief, p. 12.) General Statutes § 4-183 (g) mandated that "the agency shall transcribe any portion of the record that has not been transcribed and transmit to the reviewing court the original or a certified copy of the entire record of the proceeding appealed from. . . ." The court must search the entire record to determine if substantial evidence exists to support the DMR administrative decision. Dolgner v. Alander, supra,237 Conn. 283. DMR is unable to provide to the court a transcript of the administrative hearing due to the malfunctioning of recording equipment. During oral argument on April 25, 2001, it was made clear to the court that it would not be possible to obtain a transcript of the June 7, 2000 administrative hearing. The parties have not stipulated to a limited record.
Absent the entire record of the administrative proceeding, it is impossible for the court to determine if there is sufficient evidence to support the agency's finding of fact and conclusions of law. "The court must make its decision on the propriety of the agency action by a review of the record. General Statutes § 4-183 (i). Where the record is incomprehensible, meaningful review is impossible. The power to remand in [such] a situation . . . is well settled in Connecticut." Johnston v.Salinas, 56 Conn. App. 772, 775 (2000).
The court finds that substantial rights of the plaintiffs have been prejudiced because the administrative procedure does not comply with the law. The appeal is sustained, and judgment is rendered in favor of the plaintiffs. Pursuant to General Statutes § 4-183 (j), the matter is remanded to the agency for further proceedings consistent with this opinion.
 V. Conclusion
For all the foregoing reasons, the appeal is sustained and the matter is remanded to the agency for further proceedings consistent with this opinion.
BY THE COURT
PETER EMMETT WIESE, JUDGE