COVINO AGENCY, INC. *v.* CARL B. CHRISTENSEN ET AL.

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE No. 52312
WATERBURY

---

Memorandum filed April 7, 1980

*Murtha, Cullina, Richter & Pinney,* for the plaintiff.

*Carmody & Torrance,* for the defendants.

JAMES T. HEALEY, J.  This is an action by a real estate broker to recover a commission.  The matter is before the court on a motion to dissolve a prejudgment remedy, an attachment of real estate, which heretofore had been granted ex parte.  The issue, therefore, is whether the plaintiff has demonstrated probable cause to believe it will prevail on the merits of the case.

The court is satisfied from the evidence that the landowner gave an open listing to the plaintiff to sell the subject premises.  The document of listing was prepared by the plaintiff.  The plaintiff procured a prospective purchaser who was ready, willing and, on the basis of testimony as to his financial circumstances, able to buy the property.  The prospective purchaser's acceptance of the offer to sell was conveyed to the owner in a letter from the broker.  The letter stated that the purchase was subject to 75 percent financing of the sales price and also to a contract of sale executed by the parties.  The listing made no mention of either condition.  The owner rejected the acceptance stating that the price was insufficient, even though it did conform to the literal wording of the listing.  Subsequently, the owner raised as an issue that the conditions as to financing and as to a contract constituted such variations from the listing as to render the claimed acceptance a counteroffer.

There appears to be a paucity of Connecticut cases as to the impact of a variance in an acceptance from the terms of the offer upon the right of a broker to receive a commission. The one case of *Maier* v. *Romano,* 102 Conn. 556, is of little aid.

The question has been litigated in other jurisdictions. See, for example, *Kaufmann* v. *Nilan,* 207 Cal. App. 2d 1; *Merzoian* v. *Papazian,* 53 Cal. App. 112; *Allen* v. *Sherrelwood,* 541 P.2d 1257 (Colo. App.); *Horton-Cavey Realty Co.* v. *Reese,* 34 Colo. App. 323; *Adelman* v. *Caputi,* 212 Va. 94; *Libowitz* v. *Lake Nursing Home,* 35 Wis. 2d 74; *Boutelle* v. *Chrislaw,* 34 Wis. 2d 665; annot., 156 A.L.R. 602. The consistent theme of these cases appears to be that if the variance is relatively minor, it is incumbent upon the owner to inform the broker that he is standing on the variance as a ground for rejection and the broker must be afforded an opportunity to adjust the matter. If, however, the variance is significant, it is not necessary for the owner to alert the broker as to the reason for rejection. Admittedly, some of the cases indicate that a failure to protest constitutes a waiver or an estoppel but even those cases do not appear to go so far as to cover a truly material variance.

In this instance the "acceptance" was made contingent upon 75 percent financing. This cannot be regarded as anything other than a material variance of great significance. To hold otherwise would mean that the owner could be bound by a contract for some period of time while the prospective purchaser would have an escape hatch if he were not satisfied with his financing arrangements, even if his own fiscal situation was such that he would be able to perform with something less acceptable to him. In view of this, the court must regard the letter from the broker as a counteroffer which the seller could accept or reject.

Therefore, the court concludes that the plaintiff has not shown probable cause that it will prevail on the merits, and the motion to dissolve the prejudgment remedy is granted.