SANITARY SERVICES CORPORATION *v.* JAMES F. MEEHAN, COMMISSIONER OF REVENUE SERVICES (15167)

Peters, C. J., and Callahan, Berdon, Norcott and Palmer, Js.

Argued September 22—decision released October 17, 1995

*Dan E. LaBelle,* for the appellant (plaintiff).

*Robert L. Klein,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellee (defendant).

PETERS, C. J. The sole issue in this tax appeal is whether this taxpayer must pay sales and use tax; General Statutes §§ 12-408, 12-411;[1] on refuse containers that it purchases in connection with its refuse removal business for the use of its customers. The plaintiff, Sanitary Services Corporation, filed a de novo action in the Superior Court pursuant to General Statutes § 12-422[2] to challenge the validity of the sales and use tax,

---

[1] General Statutes (Rev. to 1989) § 12-408 provides in relevant part: "The sales tax. (1) Imposition and rate of sales tax. For the privilege of making any sales as defined in subsection (2) of section 12-407, at retail, in this state for a consideration, a tax is hereby imposed on all retailers at the rate of seven and one-half per cent of the gross receipts of any retailer from the sale of all tangible personal property sold at retail or from the rendering of any services constituting a sale in accordance with subdivision (i) of subsection (2) of section 12-407 . . . ."

General Statutes (Rev. to 1989) § 12-411 provides in relevant part: "The use tax. (1) Imposition and rate. An excise tax is hereby imposed on the storage, acceptance, consumption or any other use in this state of tangible personal property purchased from any retailer for storage, acceptance, consumption or any other use in this state or the acceptance or receipt of any services constituting a sale in accordance with subdivision (i) of subsection (2) of section 12-407, at the rate of seven and one-half per cent of the sales price of the property or the consideration paid for any such services."

[2] General Statutes (Rev. to 1989) § 12-422 provides in relevant part: "Appeal. Any taxpayer aggrieved because of any order, decision, determination or disallowance of the commissioner of revenue services under section 12-418, 12-421 or 12-425 may, within one month after service upon the taxpayer of notice of such order, decision, determination or disallowance,

interest and penalty levied by the defendant, James F. Meehan, commissioner of revenue services (commissioner). The trial court upheld the commissioner's assessment of the tax and interest, but did not uphold the payment of a penalty.[3] In its judgment in favor of the commissioner, the trial court rejected the plaintiff's contention that it had purchased refuse containers for rental to its customers and that these transactions therefore were not taxable because they constituted sales for resale.[4] The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). We affirm the judgment of the trial court.

Whether a transaction qualifies as a "sale for resale" depends upon "a determination of the true object of the contracts between the parties." *American Totalisator Co.* v. *Dubno*, 210 Conn. 401, 406, 555 A.2d 414 (1989). That determination depends, in turn, upon whether the taxpayer provided the property to its customers as an independent part of their contractual relationship or whether the property was in itself incidental to the primary purposes of the contracts. "It is the primary purpose for which the personal property was purchased and put to use that controls the determination of the property's taxability." Id., 409; see *White Oak Corp.* v. *Dept. of Revenue Services*, 198 Conn. 413, 422–23, 503 A.2d 582 (1986).

take an appeal therefrom to the superior court for the judicial district of Hartford-New Britain . . . ."

[3] We do not consider whether the trial court properly concluded that the assessment of a negligence penalty pursuant to General Statutes § 12-415 (4) was unwarranted under the facts of this case since the parties indicated at oral argument that this issue had been resolved between them.

[4] Sales for resale, including sales for rental; see General Statutes (Rev. to 1989) § 12-407 (2) (j); are not subject to sales and use tax when they occur in the regular course of business. See General Statutes (Rev. to 1989) § 12-407 (3), (4) and (5).

In this case, in rejecting the plaintiff's claim that its purchase of waste containers for the use of its customers was a "sale for resale," the trial court carefully and thoughtfully analyzed the contracts that the plaintiff used in providing trash removal services. The court noted that the plaintiff's standard contract described its object as "the provision of refuse collection and disposal services." Although the plaintiff made waste containers available to all but two of its customers as a part of its services, the standard contract included no separate fee for equipment rentals in most instances. The court determined that the plaintiff would not have been able to perform its contractual obligation to provide refuse removal services without the use of waste containers. Concluding that the true object of the contracts between the plaintiff and its customers was the furnishing of trash removal service, and not the rental of equipment, the court held that the plaintiff's purchase of waste containers for its use as a provider of refuse collection services was subject to the sales and use tax.

The trial court's analysis of the plaintiff's tax liability is fully supported by the record before it and by the authorities upon which it relied. We are not persuaded by the plaintiff's arguments to the contrary.[5]

The judgment is affirmed.

In this opinion the other justices concurred.

---

[5] To the extent that the plaintiff, on appeal, seeks to differentiate the tax treatment of certain of its waste removal contracts from others, we decline to consider this argument, which should have been addressed in the first instance to the trial court. See Practice Book § 4185. The trial court treated the plaintiff's contracts in unitary fashion. The record does not disclose a motion for articulation in which the plaintiff indicated to the trial court that it had not addressed all the issues that the plaintiff sought to have resolved. See Practice Book § 4051.