KENNETH JONES ET AL. *v.* ALLAN A. CRYSTAL, COMMISSIONER OF REVENUE SERVICES (SC 15603)

Callahan, C. J., and Borden, Norcott, Katz and McDonald, Js.

Argued May 30—officially released August 19, 1997

*Gregory T. D'Auria*, assistant attorney general, with whom were *Jonathon L. Ensign*, assistant attorney general, and, on the brief, *Richard Blumenthal*, attorney general, for the appellant (defendant).

*Robert J. Percy*, for the appellees (plaintiffs).

*Opinion*

KATZ, J. The defendant, the commissioner of revenue services (commissioner), appeals from the judgment of the Appellate Court dismissing his appeal for lack of a final judgment.[1] We conclude that the trial court did render a final judgment in this case, and, therefore, the Appellate Court's dismissal was improper.

The plaintiffs, Kenneth Jones, Edward Jones and David Jones, operate Main Port Fish and Chips, a restaurant in Bridgeport. Following an audit for the period of September 1, 1988, through August 31, 1991, the commissioner found that the plaintiffs were liable for additional sales tax. The plaintiffs appealed to the Superior Court pursuant to General Statutes § 12-422,[2] claiming that the commissioner's tax calculation was based on incorrect applications of the tax statutes and that

---

[1] We granted the commissioner's petition for certification to appeal limited to the following question: "Under the circumstances of this case, did the Appellate Court properly dismiss the defendant's appeal for lack of a final judgment?" *Jones* v. *Crystal*, 240 Conn. 904, 688 A.2d 333 (1997).

[2] General Statutes § 12-422 provides in relevant part: "Appeal. Any taxpayer aggrieved because of any order, decision, determination or disallowance of the Commissioner of Revenue Services under section 12-418, 12-421 or 12-425 may, within one month after service upon the taxpayer of notice of such order, decision, determination or disallowance, take an appeal therefrom to the superior court for the judicial district of Hartford-New Britain . . . . Said court may grant such relief as may be equitable . . . ."

the commissioner had failed to examine many of their cash register tapes when conducting the audit.

The trial court sustained the plaintiffs' appeal, concluding that the commissioner had improperly: (1) found that certain items sold as food were subject to the sales tax as "meals" within the meaning of General Statutes § 12-412 (13); (2) failed to treat each item of food sold as a separate "meal" and thereby improperly taxed the plaintiff for certain items costing less than $2 in violation of § 12-412 (51); and (3) concluded that certain sales were not exempt as sales of food to nursing homes or rest homes in accordance with § 12-412 (9). The trial court remanded the case to the commissioner to recalculate the plaintiffs' tax liability in accordance with the court's ruling and to consider newly available cash register receipts.

From the judgment of the trial court, the commissioner appealed to the Appellate Court and the plaintiffs thereafter cross appealed. The Appellate Court dismissed both the appeal and the cross appeal for lack of a final judgment. Thereafter, the commissioner alone petitioned for certification pursuant to Practice Book § 4126.[3]

The plaintiffs had appealed to the trial court from the commissioner's decision pursuant to § 12-422, which allows for sales and use tax appeals to be tried de novo. See *Sanitary Services Corp.* v. *Meehan*, 235 Conn. 393, 394–95, 665 A.2d 895 (1995); *Kimberly-Clark Corp.* v. *Dubno*, 204 Conn. 137, 144–45, 527 A.2d 679 (1987). The trial court, pursuant to § 12-422, remanded the case to the commissioner. The plaintiffs argue that an appeal

---

[3] Practice Book § 4126 provides: "Certification by Supreme Court

"Appeals may be taken to the supreme court in causes determined in the appellate court where the supreme court, upon petition of an aggrieved party or request of the appellate panel which heard the case, certifies the case for review."

to an appellate court may be taken only from the final tax assessment following that recalculation. It is well established that such an appeal may be taken only from a final judgment. General Statutes §§ 52-263 and 51-197a; *State* v. *Curcio*, 191 Conn. 27, 30, 463 A.2d 566 (1983). The plaintiffs point out that under *Schieffelin & Co.* v. *Dept. of Liquor Control*, 202 Conn. 405, 410, 521 A.2d 566 (1987), an administrative remand may not be appealed from if the remand would require more than ministerial acts. Unlike the present case, however, *Schieffelin & Co.* concerned an appeal brought pursuant to the Uniform Administrative Procedure Act (UAPA).[4] See General Statutes § 4-186.

We conclude that our decision in this case is controlled by *Schlumberger Technology Corp.* v. *Dubno*, 202 Conn. 412, 422, 521 A.2d 569 (1987), wherein this court considered a trial court's order under General Statutes § 12-237[5] remanding the case to the commissioner for the purpose of making a fair apportionment of corporate business taxes in light of the court's decision. Unlike the administrative appeal in *Schieffelin & Co.*, the tax appeal to the trial court in *Schlumberger Technology Corp.* afforded the taxpayer a trial de novo. Id., 421. Therefore, despite the remand, the trial court had plenary authority under § 12-237 to adjudicate fully all of the issues raised in the taxpayer's complaint. Id., 422 n.8. In light of this authority, unlike in *Schieffelin &*

[4] Even if this case were controlled by the UAPA; General Statutes § 4-166 et seq.; the UAPA now provides that any remand to the administrative remand is a final judgment for purposes of an appeal. General Statutes § 4-183 (j); see *Connecticut Resources Recovery Authority* v. *Commissioner of Environmental Protection*, 233 Conn. 486, 496, 659 A.2d 714 (1995).

[5] General Statutes § 12-237 provides in relevant part: "Any taxpayer aggrieved because of any order, decision, determination or disallowance of the Commissioner of Revenue Services under the provisions of this part may, within one month after service upon the taxpayer of notice of such order, decision, determination or disallowance, take an appeal therefrom to the superior court for the judicial district of Hartford-New Britain . . . . Said court may grant such relief as may be equitable . . . ."

*Co.*, we concluded that appellate review of the trial court's remand was not premature and that the judgment was final. Id. Because § 12-422, the statutory provision at issue in this case, gives the trial court plenary authority to adjudicate fully all of the issues in the same language as § 12-237, for purposes of deciding whether the trial court's judgment was final, this case is indistinguishable from *Schlumberger Technology Corp.* Therefore, we conclude that the Appellate Court improperly dismissed the commissioner's appeal.

Although we reverse the judgment of the Appellate Court and remand the case to that court for consideration of the commissioner's appeal, because our grant of certification encompassed only the dismissal of the commissioner's appeal, the dismissal by the Appellate Court of the plaintiffs' cross appeal to that court is not affected by our adjudication of this appeal. Pursuant to Practice Book § 4126, the commissioner filed a petition for certification seeking to overturn the Appellate Court's judgment dismissing its appeal to that court. Although the Appellate Court also dismissed the plaintiffs' cross appeal, the plaintiffs did not file their own petition for certification seeking review of that judgment in this court. Furthermore, although subsequent to the commissioner's petition for certification, the plaintiffs could have filed a cross petition for certification pursuant to Practice Book § 4129,[6] they failed to take any such action. Subsection (b) of § 4129, which became effective September 3, 1996, restored to appellate procedure the cross petition for certification that

---

[6] Practice Book § 4129 provides in pertinent part: "(b) Any other party aggrieved by the judgment of the appellate court may file a cross petition within ten days of the filing of the original petition. The filing of cross petitions, including the payment of the fee, service pursuant to Sec. 4014, the form of the cross petition, and all subsequent proceedings shall be the same as though the cross petition were an original petition.

"(c) The filing of a petition or cross petition by one party shall not be deemed to be a filing on behalf of any other party."

existed from 1986 to October 1, 1992, when it was abolished. The plaintiffs' decision not to take advantage of either of these available options means that they may not, except in the most extreme circumstances, benefit from an appellate decision rendered in the context of an appeal brought by another party in the same case. This, however, is not such a case.

The judgment of the Appellate Court is reversed and the case is remanded to that court for further proceedings in accordance with this opinion.

In this opinion CALLAHAN, C. J., and BORDEN and NORCOTT, Js., concurred.

MCDONALD, J., concurring and dissenting. I agree that under *Schlumberger Technology Corp.* v. *Dubno*, 202 Conn. 412, 422 n.8, 521 A.2d 569 (1987), this court is required to reverse the judgment of the Appellate Court.

I do not agree, however, that it was necessary for the majority to conclude that the plaintiffs' cross appeal is not reinstated by this court's decision. As I understand the majority's rationale, the cross appeal is not viable because the plaintiffs did not file a cross petition for certification. Since the cross appeal was not before us, the majority should not have commented as it did. If the cross appeal were before us, I see no reason why it also should not be reinstated as it was dismissed on the same grounds as the defendant's appeal. In the interest of fairness, the cross appeal should be heard along with the appeal.

Beyond being gratuitous, the observation concerning the cross appeal punishes a party, who would rather have this matter concluded as it had been in the Appellate Court, for not filing a "tongue-in-cheek" cross petition for certification. Under the majority's decision, in order to save their cross appeal, the plaintiffs were required to argue that their cross appeal should not

have been dismissed and, at the same time, that the commissioner's appeal was properly dismissed.

I, therefore, concur in the result only as to the defendant's appeal.