DEBORAH LISEE *v.* COMMISSION ON HUMAN
RIGHTS AND OPPORTUNITIES ET AL.
(SC 16419)

Sullivan, C. J., and Norcott, Palmer, Vertefeuille and Zarella, Js.

Argued April 27—officially released November 6, 2001

*Albert Zakarian*, with whom were *Suzanne Garrow* and, on the brief, *Meredith G. Diette*, for the appellant (defendant Aetna Retirement Services, Inc.).

*Charles Krich*, with whom was *Philip A. Murphy, Jr.*, commission counsel, for the appellee (named defendant).

*Robert J. Williams, Jr.*, for the appellee (plaintiff).

*Opinion*

PALMER, J. The defendant, Aetna Retirement Services, Inc. (Aetna),[1] appeals from the trial court's order remanding the administrative appeal of the plaintiff, Deborah Lisee, from the decision of the named defendant, the commission on human rights and opportuni-

---

[1] The plaintiff named Aetna Life and Casualty Company, which became Aetna Services, Inc., as the respondent in her affidavit of illegal discriminatory practice, which she filed with the commission on human rights and opportunities. Aetna Retirement Services, Inc., was a division of Aetna Life and Casualty Company with which the plaintiff formerly was employed.

ties (commission), dismissing the plaintiff's disability discrimination complaint against Aetna, the plaintiff's former employer. On appeal, Aetna claims that the remand order was not statutorily authorized and that the trial court exceeded its statutory authority in failing to affirm the commission's decision to dismiss the plaintiff's complaint in view of the substantial evidence to support that decision. The commission contends that this court lacks subject matter jurisdiction over Aetna's appeal because the trial court's remand order is not an appealable final judgment.[2] We agree with the commission and, accordingly, dismiss Aetna's appeal. We, therefore, do not reach the merits of Aetna's claims.

The relevant facts and procedural history are undisputed. On February 24, 1998, the plaintiff filed a complaint with the commission alleging that Aetna had terminated her employment and had failed to accommodate reasonably her disability stemming from certain ailments of her hips and back in violation of General Statutes §§ 46a-58 (a)[3] and 46a-60 (a) (1),[4] and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. The commission conducted an investigation of the plaintiff's allegations and, on February 11, 1999, issued a notice of final agency action in which it

[2] The plaintiff did not brief the subject matter jurisdictional claim raised by the commission but, at oral argument before this court, indicated that she joined in that claim.

[3] General Statutes § 46a-58 (a) provides in relevant part: "It shall be a discriminatory practice in violation of this section for any person to subject, or cause to be subjected, any other person to the deprivation of any rights, privileges or immunities, secured or protected by the constitution or laws of this state or of the United States, on account of . . . physical disability."

[4] General Statutes § 46a-60 provides in relevant part: "(a) It shall be a discriminatory practice in violation of this section:

"(1) For an employer, by himself or his agent, except in the case of a bona fide occupational qualification or need, to refuse to hire or employ or to bar or to discharge from employment any individual or to discriminate against him in compensation or in terms, conditions or privileges of employment because of the individual's . . . physical disability . . . ."

found no reasonable cause to believe that the plaintiff had been terminated or denied reasonable accommodations as a result of her disability. The commission thereupon dismissed the plaintiff's complaint.

The plaintiff appealed to the trial court from the commission's decision dismissing her complaint. The trial court held a hearing on February 10, 2000, at which it entertained argument on the issue of whether Aetna had provided the plaintiff with reasonable accommodations as required under applicable federal and state law. Upon conclusion of the hearing, Aetna sought leave to file a supplemental brief on that issue, and the trial court granted the parties two weeks in which to file additional briefs. The court scheduled further argument for March 23, 2000.

In the meantime, on February 24, 2000, the commission filed a motion to remand the case to itself so that it could conduct further investigation and make a new probable cause determination. In its motion, the commission represented that the plaintiff had no objection to its motion. Aetna, however, did object to the commission's motion. At the hearing before the trial court on March 23, 2000, the commission contended that a remand was required because the commission investigator had failed both to interview certain witnesses and to review certain records concerning Aetna's Return to Work program.[5]

---

[5] Aetna's Personnel Policies and Programs Manual, which covers, among other things, work-related and nonwork-related disabilities, describes Aetna's Return to Work program. It provides in relevant part: "Aetna's Return to Work program offers employees whose disability extends past the [family and medical leave] protected time and whose job is filled, a four week paid period to seek another position.

\* \* \*

"Eligible employees returning to work *after* the protected period (or, if greater, the period of time required by law) where *no* job is available (not necessarily the same job and salary) are placed on the payroll for a four week paid period while the employee explores alternate positions. If the employee does not obtain a job offer within that timeframe, he/she is terminated and is eligible for severance pay." (Emphasis in original.)

On March 27, 2000, the trial court granted the commission's motion to remand, and Aetna appealed to the Appellate Court. The commission then filed a motion for articulation of the trial court's decision. Specifically, the commission sought clarification as to whether the trial court's remand order was intended to be a final judgment. In its ruling on the motion for articulation,[6] the trial court stated: "On February 10, 2000, this case was presented at oral argument and further briefing was allowed. In the meanwhile, before a further hearing on the merits and before judgment, [the commission] moved on February 24, 2000, to remand. Aetna objected and the court heard argument on this motion. The motion of [the commission] to remand was granted on March 27, 2000, pursuant to [General Statutes] § 4-183 (h)[7] and *Gervasoni* v. *McGrath*, 36 Conn. Sup. 297 [418 A.2d 952] (1980).[8] Accordingly, this court is retaining jurisdiction over this case."[9]

---

[6] The commission filed its motion for articulation on May 8, 2000, and the trial court issued its ruling on that motion on May 31, 2000.

[7] General Statutes § 4-183 (h) provides: "If, before the date set for hearing on the merits of an appeal, application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon conditions determined by the court. The agency may modify its findings and decision by reason of the additional evidence and shall file that evidence and any modifications, new findings, or decisions with the reviewing court."

[8] In *Gervasoni* v. *McGrath*, supra, 36 Conn. Sup. 302, the trial court, which had before it an administrative appeal, granted the plaintiff's motion to remand to the defendant agency so that it could reinterview a witness whose original testimony transcript contained numerous omissions and errors. In granting the motion, the court examined the statutory scheme of § 4-183 and concluded that "[c]ommon sense . . . indicate[s] that where an agency record is incomplete for one reason or another, a remand to the agency to take additional evidence is the only method by which the court can assure meaningful judicial review." Id., 301.

[9] The record contains a judgment file, which was prepared on March 27, 2000, but not filed with the trial court until April 24, 2000, indicating that the trial court rendered judgment sustaining the plaintiff's appeal "in accordance with the court's granting of the defendant's motion to remand." The commis-

Thereafter, the commission filed with the Appellate Court a motion to dismiss Aetna's appeal "on the ground that it ha[d] not been taken from a final judgment." The Appellate Court denied the motion without prejudice, allowing the parties to address the final judgment issue in their briefs on the merits of the appeal. Aetna thereafter filed a motion to transfer the appeal to this court from the Appellate Court, which we granted pursuant to General Statutes § 51-199 (c) and Practice Book § 65-2.

General Statutes § 4-184[10] restricts an appellate court's subject matter jurisdiction in the context of administrative appeals to appeals from final judgments. Therefore, we must first address the commission's claim that the trial court's remand order is not a final judgment and that, consequently, this court lacks subject matter jurisdiction over the appeal. See *State* v. *Curcio*, 191 Conn. 27, 30, 463 A.2d 566 (1983) ("[b]ecause our jurisdiction over appeals . . . is prescribed by statute, we must always determine the threshold question of whether the appeal is taken from a final judgment before considering the merits of the [appeal]"). We conclude that the trial court's remand order is not an appealable final judgment.

General Statutes § 4-183 (j),[11] which took effect in 1989; see Public Acts 1988, No. 88-317, §§ 23, 107 (P.A.

sion represented at oral argument before this court, however, that the entry of judgment was a clerical error, noting that the judgment was not signed by the trial court but, rather, by a court clerk on behalf of the trial court. In light of the statement in the trial court's memorandum of decision, dated March 27, 2000, that it "should not have to make its ultimate findings where the agency recognizes that there are defects in the record and asks to correct them in advance of judgment," and its subsequent articulation of that decision on May 31, 2000, we conclude that the trial court did not intend to render judgment in favor of any party, including the plaintiff.

[10] General Statutes § 4-184 provides in relevant part: "An aggrieved party may obtain a review of any final judgment of the Superior Court under this chapter. . . ."

[11] General Statutes § 4-183 (j) provides: "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court

88-317); provides in relevant part that, "[f]or purposes of this *section*, a remand is a final judgment."[12] (Emphasis added.) Aetna contends that, under the plain language of § 4-183 (j), a remand to an administrative agency pursuant to any subsection of § 4-183, including the remand ordered by the trial court in the present case pursuant to subsection (h) of § 4-183, is a final judgment for purposes of § 4-184. Aetna also relies on this court's dicta in *Jones* v. *Crystal*, 242 Conn. 599, 699 A.2d 961 (1997), and *Connecticut Resources Recovery Authority* v. *Commissioner of Environmental Protection*, 233 Conn. 486, 659 A.2d 714 (1995), that, under § 4-183 (j), "any remand to the administrative [agency] is a final judgment for purposes of an appeal." *Jones* v. *Crystal*, supra, 602 n.4, citing *Connecticut Resources Recovery Authority* v. *Commissioner of Environmental Protection*, supra, 496; see also *Johnston* v. *Salinas*, 56 Conn. App. 772, 774 n.4, 746 A.2d 202 (2000) ("§ 4-183 [j] specifically deems remand orders to be final judgments"); *Dacey* v. *Commission on Human Rights & Opportunities*, 41 Conn. App. 1, 5, 673 A.2d 1177 (1996) (stating

finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. If the court finds such prejudice, it shall sustain the appeal and, if appropriate, may render a judgment under subsection (k) of this section or remand the case for further proceedings. For purposes of this section, a remand is a final judgment."

[12] Public Act 88-317, § 23, redesignated some of the existing subsections in § 4-183, including subsection (g), which became what is now subsection (j). Some of the provisions of § 4-183 (j) previously had appeared in subsection (g) before the effective date of P.A. 88-317 and, thus, those provisions were in place before 1989. Compare General Statutes (Rev. to 1987) § 4-183 (g) with General Statutes § 4-183 (j). The relevant language quoted in the text accompanying this footnote, however, took effect on "July 1, 1989, and [is] applicable to all agency proceedings commenced on or after such date." P.A. 88-317, § 107.

in dictum that, "[p]ursuant to . . . § 4-183 [j], a remand order in an administrative appeal is a final judgment"). We disagree with Aetna and conclude, instead, that the conclusion that logically flows from this court's holding and analysis in *Schieffelin & Co.* v. *Dept. of Liquor Control*, 202 Conn. 405, 406, 409–12, 521 A.2d 566 (1987) (*Schieffelin*) (holding that trial court's order remanding case to administrative agency for further proceedings was not final judgment), that some remand orders in administrative appeals are not appealable final judgments, survived the subsequent enactment of § 4-183 (j).

The issue of whether the trial court's remand order is a final judgment under § 4-183 (j) is a matter of statutory interpretation. "In construing statutes, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Internal quotation marks omitted.) *Doyle* v. *Metropolitan Property & Casualty Ins. Co.*, 252 Conn. 79, 84, 743 A.2d 156 (1999).

We first review the history of § 4-183 (j). "In 1988, to make administrative procedures more uniform, the legislature passed P.A. 88-317, which extensively amended Connecticut's statutory administrative procedures. See Conn. Joint Standing Committee Hearings, Judiciary, Pt. 2, 1988 Sess., p. 377." *Bittle* v. *Commissioner of Social Services*, 249 Conn. 503, 513, 734 A.2d 551 (1999). As part of those amendments, subsection (g) of General Statutes (Rev. to 1987) § 4-183[13] was

---

[13] General Statutes (Rev. to 1987) § 4-183 (g) provides: "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced

redesignated as subsection (j); see footnote 12 of this opinion; and, among other changes, the following sentence was added: "For purposes of this section, a remand is a final judgment." P.A. 88-317, § 23.

Prior to the passage of P.A. 88-317, § 23, this court had subjected remands in administrative appeals to the same analysis as rulings in other judicial proceedings for purposes of determining whether they were appealable final judgments. Generally, we recognized that "[a]n otherwise interlocutory order is appealable in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." *State* v. *Curcio*, supra, 191 Conn. 31.

In *Schieffelin*, we concluded that "[t]here is no reason why administrative appeals should not be governed by the principles of *Curcio* . . . . A [ruling] by a trial court ordering further administrative proceedings cannot meet the first prong of the *Curcio* test . . . because, whatever its merits, the trial court's order has not terminate[d] a separate and distinct proceeding. The more difficult question is whether the trial court's order so concludes the rights of the parties that further proceedings cannot affect them.

"Under our existing case law, we have distinguished, with reference to that question, between two kinds of administrative remands. A trial court may conclude that

because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."

an administrative ruling was in error and order further administrative proceedings on that very issue. In such circumstances, we have held the judicial order to be a final judgment, in order to avoid the possibility that further administrative proceedings would simply reinstate the administrative ruling, and thus would require a wasteful second administrative appeal to the Superior Court on that very issue. See, e.g., *Watson* v. *Howard*, 138 Conn. 464, 468, 86 A.2d 67 (1952); *Santos* v. *Publix Theatres Corporation*, 108 Conn. 159, 161, 142 A. 745 (1928). A trial court may alternatively conclude that an administrative ruling is in some fashion incomplete and therefore not ripe for final judicial adjudication. Without dictating the outcome of the further administrative proceedings, the court may insist on further administrative evidentiary findings as a precondition to final judicial resolution of all the issues between the parties. See General Statutes [Rev. to 1987] § 4-183 (e). Such an order is not a final judgment. See, e.g., *Burdick* v. *United States Finishing Co.*, 128 Conn. 284, 288–89, 22 A.2d 629 (1941); *Luliewicz* v. *Eastern Malleable Iron Co.*, 126 Conn. 522, 524, 12 A.2d 779 (1940)." (Internal quotation marks omitted.) *Schieffelin & Co.* v. *Dept. of Liquor Control*, supra, 202 Conn. 409–10. We concluded in *Schieffelin* that, because the trial court in that case had not ruled on the merits of the issue on which it had remanded to the agency for evidentiary findings, the remand order was not a final judgment. Id., 411–12.

Aetna's claim that § 4-183 (j) applies to *all* remand orders in administrative appeals presupposes that, in adding the language "[f]or purposes of this section, a remand is a final judgment"; P.A. 88-317, § 23; to § 4-183, the legislature intended to overrule *Schieffelin*, which stands for the proposition that, under the *Curcio* test, some remand orders in administrative appeals are not appealable final judgments. For the following rea-

sons, we are not persuaded that the legislature had any such intention.

First, we note that the penultimate sentence of General Statutes § 4-183 (j) provides that, "[i]f the court finds [that the rights of the person appealing from the decision of an agency have been] prejudice[d], it shall sustain the appeal and, if appropriate, may render a judgment under subsection (k) of this section[14] or remand the case for further proceedings." The next and last sentence of subsection (j) contains the language that Aetna relies on, namely, that, "[f]or purposes of this section, a remand is a final judgment." General Statutes § 4-183 (j). The proximity of these two sentences clearly suggests that the remand referred to in the last sentence is the remand referred to in the preceding sentence, namely, a remand upon *sustaining the appeal*, notwithstanding the use of the word "section" rather than the word "subsection" in the last sentence of § 4-183 (j). See, e.g., *Soares* v. *Max Services, Inc.*, 42 Conn. App. 147, 159, 679 A.2d 37, cert. denied, 239 Conn. 915, 682 A.2d 1005 (1996) (proximity of statutory provisions or lack thereof may reveal legislative intent); see also *Weinberg* v. *ARA Vending Co.*, 223 Conn. 336, 343, 612 A.2d 1203 (1992) ("where the same words are used in a statute two or more times they will ordinarily be given the same meaning in each instance" [internal quotation marks omitted]). This construction is consistent with our holding in *Schieffelin* that only a remand *after a determination on the merits of the appeal* is a final judgment.

Second, we note that subsection (j) is the only subsection of § 4-183 that specifically refers to remands. The

[14] General Statutes § 4-183 (k) provides: "If a particular agency action is required by law, the court, on sustaining the appeal, may render a judgment that modifies the agency decision, orders the particular agency action, or orders the agency to take such action as may be necessary to effect the particular action."

trial court in the present case relied on § 4-183 (h) as authority to order further fact-finding, and characterized its order as a remand order.[15] Although we agree that that is a fair characterization of the order, we note that § 4-183 (h) does not use that terminology, but simply authorizes the trial court to "order that . . . additional evidence be taken before the agency upon conditions determined by the court." This language supports a determination that the legislature did not intend that the remand referred to in the last sentence of § 4-183 (j), which, as we have explained, has a clear prior referent in that subsection, would include an order for additional fact-finding pursuant to § 4-183 (h).

Third, "[i]n determining whether or not a statute abrogates or modifies a common law rule the construction must be strict, and the operation of a statute in derogation of the common law is to be limited to matters clearly brought within its scope. . . . Although the legislature may eliminate a common law right by statute, the presumption that the legislature does not have such a purpose can be overcome only if the legislative intent is clearly and plainly expressed. . . . We recognize only those alterations of the common law that are clearly expressed in the language of the statute because the traditional principles of justice upon which the common law is founded should be perpetuated." (Internal quotation marks omitted.) *Rumbin* v. *Utica Mutual Ins. Co.*, 254 Conn. 259, 265–66, 757 A.2d 526 (2000). "[W]e presume that the legislature is aware of the judicial construction placed upon its enactments. . . . [*Schieffelin*] put the legislature on notice that if it intend[ed] [for all remand orders in administrative appeals, including those that do not meet the *Curcio* test, to be treated as final judgments], it [needed to] make that intent

---

[15] Because we conclude that we do not have jurisdiction to consider the merits of this appeal, we do not consider Aetna's contention that the trial court improperly relied on § 4-183 (h) as the basis for its remand order.

clear." (Citation omitted; internal quotation marks omitted.) *State* v. *Parra*, 251 Conn. 617, 634–35, 741 A.2d 902 (1999). Section 4-183 (j) contains no such clearly expressed intent.

Finally, we previously have recognized that "[a]dherence to the final judgment rule is not dictated by legislative fiat alone." *State* v. *Curcio*, supra, 191 Conn. 30. "Limiting appeals to judgments that are final serves the important public policy of minimizing interference with and delay in the resolution of trial court proceedings." *Madigan* v. *Madigan*, 224 Conn. 749, 752–53, 620 A.2d 1276 (1993). We note, moreover, that "P.A. 88-317 was adopted to provide the consumer who is using our administrative processes with the same kind of level playing field . . . that one would have in using our judicial system." (Internal quotation marks omitted.) *Bittle* v. *Commissioner of Social Services*, supra, 249 Conn. 514, quoting 31 S. Proc., Pt. 7, 1988 Sess., p. 2482, remarks of Senator James H. Maloney. Thus, the legislature intended that administrative appeals and other judicial proceedings be treated similarly, and that considerations of fairness and efficiency underlying the rules governing judicial proceedings also be of primary importance in administrative proceedings. This further supports the view that the legislature intended that the *Curcio* test for final judgments, which is applicable to rulings in judicial proceedings, also apply to rulings in administrative appeals.

For all of the foregoing reasons, we cannot conclude that when the legislature enacted § 4-183 (j), it intended to overrule our conclusion in *Schieffelin* that, for the purpose of determining appellate jurisdiction, rulings in administrative appeals generally are subject to the *Curcio* final judgment test. *Schieffelin & Co.* v. *Dept. of Liquor Control*, supra, 202 Conn. 409. Rather, we conclude that the legislature intended to codify that decision as it applies to remands after rulings on the

merits of an administrative appeal.[16] In the present case, as in *Schieffelin*, there has been no such ruling. Instead, the trial court concluded that, on the basis of the inadequacy of the administrative record, it could not rule on the merits of the plaintiff's appeal without additional fact-finding by the commission. Accordingly, we conclude that the trial court's order remanding the case to the commission for additional fact-finding was not a final judgment and, therefore, that this court lacks subject matter jurisdiction over Aetna's appeal.[17]

The appeal is dismissed.

In this opinion the other justices concurred.

---

[16] To the extent that this conclusion is inconsistent with our dicta in *Jones* v. *Crystal*, supra, 242 Conn. 602 n.4, and *Connecticut Resources Recovery Authority* v. *Commissioner of Environmental Protection*, supra, 233 Conn. 496, with the Appellate Court's conclusion in *Johnston* v. *Salinas*, supra, 56 Conn. App. 774 n.4, and with dictum in *Dacey* v. *Commission on Human Rights & Opportunities*, supra, 41 Conn. App. 5, those cases are overruled.

[17] In light of our conclusion that we lack jurisdiction, we do not address the merits of Aetna's claims that the trial court: (1) exceeded its statutory authority in failing to affirm the commission's decision to dismiss the plaintiff's discrimination complaint; and (2) lacked the statutory authority to order further fact-finding.