[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
In this case, the defendant Commissioner of Environmental Protection ("commissioner") granted an application of the defendant Grey Rock Development, LLC ("Grey Rock") to develop a single family residence and conduct other regulated wetlands activity after concluding that the Town of Seymour Inland Wetlands Commission ("SIWC") had failed to act on a similar application within the time permitted by law. The plaintiff, Anthony Ambrose, an abutting property owner, appeals from the commissioner's final decision granting the application.
 I
The administrative record establishes the following facts. On April 14, 1999, Grey Rock submitted an application to the SIWC for the development of Lot # 3 in the Robin Road Estates in Seymour. The application initially appeared on the agenda of the SIWC for the next regularly scheduled meeting on April 26, 1999. (Return of Record ("ROR"), Proposed Final Decision ("PFD"), p. 4 ¶¶ 2-3; pp. 10-11 ¶ 22; Court Exs. 1, 2.[1]) The application then was discussed at the May, July, and August SIWC meetings, but the SIWC took no final action on the application during those months. (ROR, PFD, p. 11 ¶ 23; Ex. DEP-8; 7/11/00 Transcript, p. 30.)
In September, 1999, Grey Rock filed a document entitled "Site Development Erosion Control Plan, Lot # 3, Robin Road Estates" with the SIWC. (Court Ex. 3.) At a September 27, 1999 meeting, the SIWC decided that the proposed activities were likely to have a significant impact on the inland wetlands and scheduled a public hearing. (ROR, PFD, p. 11 ¶ 23.)
On October 21, 1999, but before any final action by the SIWC, Grey Rock submitted an application for a permit to conduct similar regulated wetlands activities to the Department of Environmental Protection ("the department"). (ROR, PFD, pp. 1, 11 ¶ 24; Ex. App-1; 7/11/0 Transcript, pp. 30-31.) After a public hearing and a site visit, a department hearing officer submitted a proposed final decision recommending that the commissioner issue the requested permit. (ROR, PFD, pp. 2-3, 17.) The hearing officer concluded that the department had CT Page 4298 jurisdiction but did not address the impact of the September, 1999 filing on that conclusion. (ROR, PFD, pp. 10-11 ¶¶ 22-24.) On December 7, 2000, the commissioner approved the proposed decision as the final decision of the department. (ROR, Final Decision.)
The plaintiff then appealed to this court. The parties agreed in court that the matter should be remanded to the commissioner for further findings concerning the department's jurisdiction based on the administrative record. The parties disputed only whether several specific items should be added to the administrative record. The court ruled on these disputes at the hearing. See note 1 supra.
 II
The commissioner exercised jurisdiction in this case pursuant to General Statutes § 22a-42a (c)(1). (ROR, PFD, p. 13.) That section provides that if a municipal inland wetlands agency:
 fails to act on any application within thirty-five days after the completion of a public hearing or in the absence of a public hearing within sixty-five days from the date of receipt of the application, or within any extension of any such period, the applicant may file such application with the Commissioner of Environmental Protection who shall review and act on such application in accordance with this section.[2]
There is no dispute that there was no public hearing on the April, 1999 application, that the SIWC did not act on that application within sixty-five days from its receipt, and that the SIWC did not obtain an extension of time. The parties do dispute whether the material filed in September, 1999 constituted a new "application" so as to trigger a new time period that would make Grey Rock's appeal to the department premature.
The hearing officer did not address this issue, which is of critical importance in resolving this appeal. "[W]hen a trial court concludes that an administrative agency has made invalid or insufficient findings, the court must remand the case to the agency for further proceedings if the evidence does not support only one conclusion as a matter of law."Adriani v. Commission on Human Rights Opportunities, 220 Conn. 307, 329
n. 21, 596 A.2d 426 (1991). See also Lisee v. Commission on Human Rights Opportunities, 258 Conn. 529, 538, 782 A.2d 670 (2001); General Statutes § 4-183 (h).[3] The evidence does not establish as a matter of law whether the September, 1999 material filed with the SIWC constituted a new application within § 22a-42a (c)(1). The parties CT Page 4299 agree that the court should remand this issue for the commissioner to decide in the first instance, before the court reviews the merits of the appeal.
Accordingly, the court remands the case to the commissioner for further proceedings consistent with this opinion based on the existing administrative record as modified by the court. The court will retain jurisdiction of the case pursuant to General Statutes § 4-183 (h). Thus, the department "shall file any modifications, new findings, or decisions with the reviewing court." General Statutes § 4-183 (h).
It is so ordered.
Carl J. Schuman Judge, Superior Court