[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is is an administrative appeal brought by Troy Hamilton ("Hamilton" or "plaintiff") from a final decision of the Connecticut Department of Public Health ("DPH" or "defendant"), ordering that a finding of abuse be placed on the Connecticut nurse's aide registry under Hamilton's name. This appeal is brought pursuant to General Statutes § 4-183 (b).
 I. PROCEDURAL HISTORY
By letter dated January 24, 2000, DPH informed Hamilton that it had scheduled a compliance conference which he could attend to discuss allegations that, while working as a nurse's aide, he had abused a resident of a nursing care facility. (Return of Record [ROR], p. 20.) On March 9, 2000, Hamilton attended the conference with his attorney.
Thereafter, DPH issued a Notice of Complaint dated June 2, 2000, to Hamilton by certified mail, and indicated that a copy was sent to his attorney.[1] (ROR, pp. 15-17.) The complaint alleged that Hamilton abused a resident in a nursing home in violation of 42 U.S.C. § 1395i-3
(c) (A) (ii), 42 U.S.C. § 1395i-3 (g) (1) (C) and General Statutes § 20-102cc. The complaint also notified Hamilton that pursuant to both federal and state laws, DPH was recommending that a finding be placed against his name on the Connecticut nurse's aide registry.
The complaint also notified Hamilton that he must request a hearing on the allegations against him in writing within thirty days of the date of the complaint. Hamilton signed the return receipt for the certified Notice of Complaint on June 7, 2000, and the receipt was returned to DPH on June 8, 2000. (ROR, p. 18.)
On July 5, 2000, Hamilton's request for hearing was received in the DPH office. (ROR, p. 30.) Also on July 5, 2000, the Commissioner of DPH, in a memorandum to the designated hearing officer, requested that the officer "rule on all motions and determine findings of fact and conclusions of law, and issue an Order"; (ROR, p. 29); and informed the officer that "[a] Notice of Complaint was sent to respondent who did not request a hearing within the thirty days allowed. A Motion for Default is now pending." (ROR, p. 29.)
 DPH filed a Motion for Issuance of a Default Decision CT Page 4956 dated July 20, 2000, requesting a default decision and an order that a finding be made on the Connecticut nurse's aide registry. (ROR, pp. 7-9.)[2] In the motion, DPH stated in pertinent part, as follows:
 [O]n or about June 2, 2000, the Legal Office sent a Notice of Complaint and a Request for Hearing form to respondent. . . .
 The Notice of Complaint and Request for Hearing form . . . both advise respondent that he may, within thirty days of the date on the Notice, return the Request for Hearing form in order to preserve his right to a hearing on the merits of the complaint. . . .
 [R]espondent failed to return the Request for Hearing form within thirty days of the date on the Notice of Complaint as stated in the Notice.
(Emphasis added.) (ROR, p. 7-8.) In an affidavit the department submitted in support of the motion, the affiant, Roberta Swafford, a DPH staff attorney, averred: "As set forth in the affidavit of Janice Wojick, the Hearings Office has not received a Request for Hearing form from respondent." (ROR, p. 11.) In Wojick's affidavit, however, Wojick did not attest that the hearing office had not received Hamilton's request, but rather that Hamilton "failed to return the Request for Hearing form within thirty days." (ROR, p. 19.)
 On August 1, 2000, the hearing officer issued a final decision in which he found as follows:
 The Department provided respondent with reasonable and adequate written notice of the allegations contained in the Notice of Complaint and the necessity that he request a hearing in writing, if he wanted one, within thirty days.
 Respondent did not submit a written request for a hearing to contest the allegations contained in the Complaint within thirty days of the date of the Complaint.
No hearing was held in this matter.
 The allegations . . . of the Complaint . . . are deemed admitted and true. CT Page 4957
(Emphasis added.) (ROR, pp. 2-5.)
The hearing officer concluded in pertinent part: "The state's only disciplinary option . . . is to place a finding of abuse against respondent's name on the Registry. The facts as found in this case justify that a finding of abuse of a nursing facility resident be placed against respondent's name on the Registry." (ROR, p. 4.)
Based on the above findings of fact and conclusions of law, the hearing officer granted the department's Motion for Issuance of a Default Decision and ordered that "[a] finding of abuse shall be placed on the Connecticut Nurse Registry under the name of Troy Hamilton." The officer noted that the effect of the order is that Hamilton "is prohibited from being employed in chronic and convalescent nursing homes and rest homes with nursing supervision. 42 C.F.R. § 483.13 (c) (1) (ii) (B)."[3]
(ROR, p. 4.). The plaintiff is appealing from this decision.
 II. JURISDICTION
A. Timeliness of Appeal
Hamilton commenced his appeal of the DPH order in a timely manner. General Statutes § 4-183 (c) provides, in relevant part: "Within forty-five days after mailing of the final decision under section 4-180
. . . a person appealing . . . shall serve a copy of the appeal on the agency that rendered the final decision . . . and file the appeal with the clerk of the superior court. . . ." The final decision was mailed to Hamilton and the director of DPH via certified mail on August 1, 2000. (ROR, p. 5.) This appeal was filed on September 15, 2000.
B. Aggrievement
Hamilton is aggrieved by the final decision. "To be an aggrieved person, one must be affected directly or in relation to a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest such as is the concern of all members of the community, and the appellant must be specially and injuriously affected as to property or other legal rights." Smith v.Planning Zoning Board, 203 Conn. 317, 321, 524 A.2d 1128 (1987). Hamilton is adversely affected by the DPH order in that a finding of abuse will be entered against his name in the nurse's aide registry and he is prohibited thereby from being employed in chronic and convalescent nursing homes and rest homes with nursing supervision.42 C.F.R. § 483.13 (c) (1) (ii) (B).[4] Consequently, this court has jurisdiction over the appeal. CT Page 4958
 III. STANDARD OF REVIEW
DPH is an administrative agency and is, thus, governed by the Uniform Administrative Procedures Act, General Statutes § 4-166 et seq. General Statutes § 4-183 (j), which governs the standards that the Superior Court applies in reviewing an agency decision, provides in pertinent part: "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. . . ."
The ultimate determination is whether, in view of all of the evidence, the agency, in issuing its orders, acted unreasonably, arbitrarily, illegally or in abuse of its discretion. See Domestic Violence Servicesof Greater New Haven, Inc. v. Freedom of Information Commission,47 Conn. App. 466, 469-70, 704 A.2d 827 (1998). "Conclusions of law reached by the administrative agency must stand if the court determines that they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts." NewHaven v. Freedom of Information Commission, 205 Conn. 767, 774,535 A.2d 1297 (1998). Ordinarily, great deference is given to the construction given a statute by the agency charged with its enforcement.Connecticut Assn. of Not-For-Profit-Providers for the Aging v. Dept. ofSocial Services, 244 Conn. 378, 389, 709 A.2d 1116 (1998). "[A]n agency's factual and discretionary determinations are to be accorded considerable weight by the courts. . . . Cases that present pure questions of law,however, invoke a broader standard of review than is ordinarily involvedin deciding whether, in light of the evidence, the agency has actedunreasonably, arbitrarily, illegally or in abuse of itsdiscretion. . . . Furthermore, when a state agency's determination of a question of law has not previously been subject to judicial scrutiny . . . the agency is not entitled to a special deference. . . . [I]t is for the courts, and not administrative agencies, to expound and apply governing principles of law." (Citations omitted; emphasis in original; internal quotations marks omitted.) Connecticut Lightand Power Co. v. Texas-Ohio Power, Inc., 243 Conn. 635,642-43, 708 A.2d 202 (1998). CT Page 4959
Our Supreme Court has recognized that "the construction and interpretation of a statute is a question of law for the courts where the administrative decision is not entitled to special deference. . . ." (Internal quotation marks omitted.) State Medical Society v. Board ofExaminers in Podiatry, 208 Conn. 709, 718, 546 A.2d 830 (1988).
 IV. ISSUES ON APPEAL
In his appeal, Hamilton claims he was denied due process. He alleges that his attorney did not receive notice of the complaint and notice of the need to file a request for hearing.[5] In its brief dated April 30, 2001, which it filed prior to oral argument, DPH articulated the following response to the appeal, stating, "[i]n the instant case, the plaintiff failed to request a hearing within thirty days of the date of the Notice of the Complaint. In accordance with the statutory scheme, and as stated in the Notice, the Department proceeded to render an uncontested finding and to enter its finding of abuse against the plaintiff on the Connecticut Nurse's Aide Registry." (Defendant's Brief, pp. 6-7.) During oral argument, the court raised the question whether the operative date for determining whether Hamilton's request for hearing complied with the thirty-day time limit under General Statutes §20-102cc is determined by the date the request for hearing is posted or by the date it is received in the department. The court requested supplemental briefs on the question and on whether Hamilton's request for hearing was timely.[6] In his supplemental brief, Hamilton claims that the date he posted the request for hearing is the operative date; and that there is substantial evidence that he posted the request on July 3, 2000. To the contrary, in its supplemental brief, DPH maintains that a written request is not made until the department actually receives the request and that Hamilton's request was untimely because it was due on July 3, 2000, but not received in the department until July 5, 2000.
Although the plaintiff did not precisely articulate in his appeal that his claim pertained to the "timeliness of the request for hearing," it is evident that the gravamen of his due process claim is that he did not receive a hearing on the merits. Functionally, Hamilton challenges the procedure of the department.[7] See State v. Dabkowski, 199 Conn. 193,198, 506 A.2d 118 (1986) (although "[t]he formulation of these positions, as now made on appeal, were not articulated in that manner in the trial court . . . [t]he claims were functionally made").
"`It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of [its] complaint.'" Cellu Tissue Corp.v. Blake Equipment Co., 41 Conn. App. 413, 417, 676 A.2d 405 (1996). "The modern trend . . . is to construe pleadings broadly and realistically, rather than narrowly and technically." (Internal quotation marks CT Page 4960 omitted.) Lyons v. Nichols, 63 Conn. App. 761, 765, 778 A.2d 246, cert. denied, 258 Conn. 906, 782 A.2d 1244 (2001). Moreover, our construction is in accord with our Supreme Court's long-standing and principled view that the policy of our law is "to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court." (Internal quotation marks omitted.) Coppola v. Coppola,243 Conn. 657, 665, 707 A.2d 281 (1998).[8]
 V. DISCUSSION
In this appeal, Hamilton challenges DPH's failure to afford him due process. The primary issue is whether Hamilton was entitled to a hearing under the relevant statute. A preliminary matter is whether Hamilton's request for hearing was timely. The resolution of these issues is dependent on statutory construction and is a matter that has not been subjected to prior judicial review. As previously noted, the standard of review is therefore broadened, and the special deference ordinarily given to administrative agencies gives way to an analysis of the governing principles of law. As to questions of law, the Supreme Court has stated that the deferential standard does not apply to a "court's review of an agency's construction of a statute, which is a pure question of law, particularly when the question has not been subjected to prior judicial review." Connecticut Light Power Co. v. Texas-Ohio Power, Inc., supra,243 Conn. 644.
In its final decision, the hearing officer granted the DPH's motion for a default decision without holding a hearing on the merits based on a finding that Hamilton "did not submit a written request for a hearing . . . within thirty days of the date of the Complaint." (ROR, p. 4.) General Statutes § 20-102cc[9] provides in pertinent part, as follows: "A nurse's aide shall be given written notice by certified mail by the commissioner of any complaint against him. The nurse's aide may, within thirty days of the date of the notice, make a request in writing for a hearing to contest the complaint. The commissioner shall render a finding on such complaint, and, if a hearing is requested, it shall be conducted pursuant to chapter 54."
DPH contends that the question of whether a request for hearing is timely is determined by the date the request is received by DPH. Hamilton contends that the question is determined by the date the request is mailed. As reflected in the record and its briefs, DPH also takes the position that a request for hearing is not timely if it is not received within thirty days of the "date of the notice" or within thirty days of the "date of the complaint."[10]
Resolution of these issues depends on statutory construction. "The CT Page 4961 process of statutory interpretation involves a reasoned search for the intention of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of this case. . . . In seeking to determine that meaning, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter. . . . In construing a statute, common sense must be used and courts must assume that a reasonable and rational result was intended [by the legislature]." (Citation omitted; internal quotation marks omitted.)Cox Cable Advisory Council v. Dept. of Public Utility Control,259 Conn. 56, 63, 788 A.2d 29 (2002). Where "the language of a statute is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent." (Internal quotation marks omitted.) Rizzo Pool Co. v. Del Grasso,240 Conn. 58, 74, 689 A.2d 1097 (1997).
The language of General Statutes § 20-102cc (a) is plain but not clear. Unlike the statutory provision that requires that DPH give written notice of the complaint by certified mail, the statute does not expressly require that a request for hearing be "mailed" or that it be "received by" or "given to" or "delivered to" or "filed with" the department within thirty days of the date of the notice of complaint. The statute states only that the respondent "may" request a hearing in writing within thirty days. This language is in contrast to the language stating that the department "shall" give written notice of the complaint, "shall" hold a hearing if a request is made and "shall" render a finding. The statute does not contain language to the effect that the request must be "timely" made to trigger the hearing nor does the statute state the consequences of an untimely request.
The legislative history of the statute is sparse. Effective July 1, 1995, the statute was amended by Public Acts 1995, No. 95-271 to require that notice of a complaint be sent by certified mail and to allow a nurse's aid to request a hearing to contest the complaint. The legislative history indicates only, but significantly, that the statutory language at issue was proposed by DPH. In a memorandum dated March 14, 1995 that DPH submitted in support of the amendment, the department stated: "[W]e are suggesting a revision in the hearing process for nurse's aides that will both clarify and streamline the manner in which notice is given in disciplinary cases." Conn. Joint Standing Committee hearings, Public Health, 1995 Session, p. 2277. Stanley Peck, then director of the division of medical quality assurance in the Department of Health, stated to the Committee on Public Health: "Finally, and this is not in the bill that came out, but we're requesting a revision in the CT Page 4962 process dealing with giving notice to nurse aides in disciplinary hearings, we think it will greatly expedite and streamline the process of doing business in that area without jeopardizing any due process rights." Conn. Joint Standing Committee hearings, Public Health, 1995 Session, p. 2177. If the DPH intended that the request must be received by department within thirty days within of the date on the complaint, it could have and should have used that language in submitting its proposal.
The myriad cases dealing with issues of "timeliness" are of only general assistance because most often they deal with statutes whose language is more specific than the instant one, such as statutes which authorize use of the mail. See Bittle v. Commissioner of SocialServices, 249 Conn. 503, 519-20, 734 A.2d 551 (2000) ("We are hesitant to leave the public's right to have their claims addressed by the court, as statutorily allowed, to guesswork. Additionally, the actual period of time for every appellant will be different because, in any given case, appeal papers may take three or four days, or even longer, to be delivered by mail, thus undermining uniformity in the applicability of the statute to all appellants."). Alternately, statutes that specify "service" or "delivery" or "filing." See Brennan v. Fairfield, 255 Conn. 693, 701,768 A.2d 433 (2001). ("[W]e do not believe that the legislature intended for claimants to have fewer than the prescribed ninety days available to them pursuant to § 13a-149 simply because the terminal day coincides with a day when the municipal office is closed."). While the cases are inapposite, the themes that emerge from them do, nonetheless, provide guidance: statutes should be construed so as to eliminate guesswork and lack of uniformity and to provide claimants with the full number of days available within which to act. The court is persuaded that to eliminate guesswork and lack of uniformity and to allow a nurse's aide the full number of days within which to act, if the nurse's aid mails a request for hearing, the date the request is mailed is the date on which the request is made. Thus the question of whether Hamilton's request was timely depends, inter alia, on the date he mailed it.
As previously noted, DPH also takes the position that a written request for hearing is timely under General Statutes § 20-102cc (a), only if it is received by DPH within thirty days of the "date of the notice" or "the date of the complaint." Indeed, in the final decision, the hearing officer found that Hamilton "did not submit a written request for a hearing . . . within thirty days of the date of the Complaint." (ROR, p. 4.) This court disagrees with this interpretation and the plain language of the statute does not support this construction. In the first place, the statute states, "[a] nurse's aide shall be given written notice by certified mail by the commissioner of any complaint against him. The nurse's aide may, within thirty days of the date of the notice, make a request in writing for a hearing to contest the complaint." (Emphasis CT Page 4963 added.) The statute does not state that the request may be made within thirty days of the date of the complaint, but runs from the date notice is given by certified mail. It is readily apparent that if the department does not mail the notice on the date shown on the complaint, counting the thirty days from the date of the complaint or notice, rather than from the date the notice is actually mailed could result in lack of uniformity and reduce number of days within which a complainant has to respond. SeeKudlacz v. Lindberg Heat Treating Co., 250 Conn. 581, 588, 738 A.2d 135
(1999) ("We have . . . eschewed a literal interpretation of the ten day limitation period of [General Statutes] § 31-301 (a) . . . concluding that the legislature [u]ndoubtedly . . . intended this provision to mean ten days after notice to the party of the entry of such finding; otherwise, in the event of the failure of the [workers' compensation] commissioner to notify the party of his finding and award within the ten-day period, the taking of the appeal would be fruitless.") (emphasis in original; internal quotation marks omitted). Moreover, our construction is in accord with our Supreme Court's long-standing and principled view that the policy of our law is "to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court." (Internal quotation marks omitted.) Coppola v.Coppola, 243 Conn. 657, 665, 707 A.2d 281 (1998); see also Henriquez v.Allegre, 68 Conn. App. 238, 247, ___ A.2d ___ (2002). Thus the question of whether Hamilton's request was timely also depends on the date on which the department mailed him notice of the complaint.
In the instant case, however, the court cannot make a finding as to these dates because the record does not indicate the date on which DPH sent Hamilton notice of the complaint by certified mail nor does the record indicate the date on which Hamilton posted his written request for hearing.[11] Such evidence would be required in order to resolve the merits of this appeal, i.e., the issue of the timeliness of Hamilton's request for hearing.
"[W]here an agency record is incomplete for one reason or another, a remand to the agency to take additional evidence is the only method by which a court can assure meaningful judicial review. . . . The court must make its decision on the propriety of the agency action by a review of the record. General Statutes § 4-183 [i]. Where the record is incomprehensible, meaningful review is impossible. The power to remand in a situation analogous to the present case is well settled in Connecticut. Where the agency has provided insufficient findings, remand has been held proper." (Citations omitted.) Gervasoni v. McGrath,36 Conn. Sup. 297, 301-02, 418 A.2d 592 (1980). Accordingly, pursuant to General Statutes §§ 4-183 (h)[12] and (i)[13] and Lisee v.Commission on Human Rights Opportunities, 258 Conn. 529, 541-42,782 A.2d 670 (2001), the court remands the matter to the agency. CT Page 4964
 CONCLUSION
Because the final decision was based on a finding that the plaintiff failed to request a hearing within thirty days of the date of the complaint and because, as a result of the decision, an order was placed against Hamilton's name in the nurse's aide registry, the decision prejudiced his substantial rights. Moreover, because the final decision was based on a finding that Hamilton's request was untimely because it was not received within thirty days of the date of the complaint, it is affected by an error of law. Accordingly, the case is remanded and the department shall conduct a hearing to determine whether Hamilton's request was timely. If the evidence indicates that the request was timely, the department must hold a hearing on the merits. If, however, the evidence indicates that the request was not timely, the court will address the issue of whether the portion of General Statutes § 20-102cc
that states that "a nurse's aide may, within thirty days of the date of the notice, make a request in writing for a hearing to contest the complaint" is discretionary or mandatory.
Accordingly, the court retains jurisdiction over this the case is remanded and a hearing is to be held in accordance with this decision.
 ___________________ Tanzer, Judge